[Cite as *J.M. v. D.H.*, 2020-Ohio-108.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

J.M., :

    Petitioner-Appellee, :

    v. : No. 108303

D.H., :

    Respondent-Appellant. :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 16, 2020

---

Civil Appeal from the Cuyahoga County Common Pleas Court
Domestic Relations Division
Case No. DV-19-375232

---

***Appearances:***

Zukerman, Lear & Murray Co., L.P.A., and S. Michael
Lear, *for appellee.*

D.H., *pro se.*

SEAN C. GALLAGHER, J.:

{¶ 1} Appellant-respondent D.H. appeals from a domestic-violence civil protection order that expired on August 11, 2019. We find that the appeal is not moot because the collateral-consequences exception to the mootness doctrine

applies in this particular case.  Upon review of the matter, we affirm the judgment of the trial court.

**Collateral Consequences**

{¶ 2}   Initially, we find that the appeal is not moot.  The Supreme Court of Ohio has held that "absent a showing of legal collateral consequences resulting from an expired domestic-violence civil protection order, an appeal of that order is moot." *Cyran v. Cyran*, 152 Ohio St.3d 484, 2018-Ohio-24, 97 N.E.3d 487, ¶ 1.  Appellant, who is an inactive attorney, filed with the trial court a notice of continuing legal collateral consequences with an affidavit in support stating that she will suffer legal collateral consequences with regard to her ability to serve as a guardian ad litem or court-appointed special advocate ("CASA").  Appellant has demonstrated legal collateral consequences and that the exception to the mootness doctrine applies to her appeal.

**Background**

{¶ 3}   On January 25, 2019, appellee-petitioner J.M. filed a petition for a domestic-violence civil protection order ("DVCPO") against appellant-respondent D.H.  Appellee alleged in the petition that he and appellant had been in a romantic relationship and that during the relationship appellant cohabitated with him at his residence on alternating weeks.  Appellee indicated that he became concerned about appellant's possessiveness and that he terminated the relationship with appellant.  The record reflects that around that time, appellant entered appellee's residence when he was not home and accessed his iCloud account on his personal computer

without his permission. Appellee further maintained that appellant continued to contact him, his friends, and his family on a regular basis despite his repeatedly instructing her to stop contacting him. Appellee set forth specific factual allegations in his petition and claimed that appellant knowingly and continuously engaged in an obsessive pattern of conduct that caused him to suffer significant mental distress in violation of R.C. 2911.211, menacing by stalking.

{¶ 4} The trial court issued an ex parte domestic-violence civil protection order and set the matter for a full hearing, which was held on February 6 and 12, 2019, before a court magistrate. On February 15, 2019, the magistrate issued a DVCPO, effective until August 11, 2019. The magistrate made the following findings of fact in the DVCPO:

> Petitioner was sworn and gave testimony that supports finding that Respondent committed domestic violence as defined in R.C. §3113.31 and that the Petitioner is in danger of domestic violence. Petitioner's testimony is found to be credible. Petitioner testified with basic credibility. In 2017[,] he and Respondent shared a household and were in a dating relationship. Respondent would live in the shared house every other week and used the mailing address as her own. Petitioner told Respondent on several occasions throughout 2018 to cease contact. On at least three occasions, Respondent willfully contacted the Petitioner. Petitioner testified that such contact [caused] him extreme mental distress that caused him to lose 30 pounds and seek medical treatment. Petitioner and respondent are currently involved in a criminal matter of Telecommunication Harassment. Respondent testified with basic credibility. Respondent believes there is an unknown third party involved. Respondent testified that the unknown person is "spoofing" both parties and trying to set her up. Respondent does admit to initiating contact after she was told to cease contact. No other witnesses gave testimony that offered anything of value.

The DVCPO was adopted by the trial court and also was corrected, nunc pro tunc.

{¶ 5} Appellant filed objections to the DVCPO and then filed a notice of appeal. This court remanded the case for the trial court to rule on the objections. On August 1, 2019, the trial court overruled appellant's objections along with the supplemental objections that were raised in her appellate brief.

{¶ 6} In its decision, the trial court found that appellant's preliminary objection and some of her supplemental objections challenged whether appellee had a reasonable fear of imminent harm. The trial court aptly noted that "those objections are 'strawmen'" because the DVCPO was not issued on that basis, but rather, "is premised on Respondent's violation of R.C. 2903.211 — menacing by stalking." The trial court found competent, credible evidence in the record to support each of the elements of menacing by stalking and concluded that "a preponderance of the evidence establishes that Respondent has committed domestic violence against Petitioner by engaging in menacing by stalking."

{¶ 7} The appeal is now before us for review.

**Law and Analysis**

{¶ 8} Appellant raises four assignments of error, all challenging the trial court's issuance of the DVCPO. Before a trial court may issue a DVCPO pursuant to R.C. 3113.31, the trial court must find that the petitioner has shown by a preponderance of the evidence that petitioner or petitioner's family or household members are in danger of domestic violence. *Felton v. Felton*, 79 Ohio St.3d 34, 42, 1997-Ohio-302, 679 N.E.2d 672. A reviewing court must determine whether the

record shows sufficient credible evidence to support the trial court's determination. *Id.* at 43; *L.T.C. v. G.A.C.*, 8th Dist. Cuyahoga No. 107110, 2019-Ohio-789, ¶ 9.

{¶ 9} In relevant part, R.C. 3113.31(A)(1) defines "domestic violence" as follows:

> (a) The occurrence of one or more of the following acts against a family or household member:
>
> * * *
>
> (ii) Placing another person by the threat of force in fear of imminent serious physical harm *or committing a violation of section 2903.211 or 2911.211 of the Revised Code;*

(Emphasis added.) R.C. 3113.31(A)(1)(a)(ii). A "family or household member" includes a "person living as a spouse," which is defined to include a person "who otherwise has cohabitated with the respondent within five years prior to the date of the alleged occurrence of the act in question." R.C. 3113.31(A)(3) and (4).

{¶ 10} Here, the trial court found that appellee proved by a preponderance of the evidence that appellant's actions constituted domestic violence as defined in R.C. 3113.31; specifically, a violation of R.C. 2903.211, menacing by stalking. Relevant hereto, R.C. 2903.211(A)(1) provides as follows:

> No person by engaging in a pattern of conduct shall knowingly cause another person to believe that the offender will cause physical harm to the other person * * * *or cause mental distress to the other person* * * *.

(Emphasis added.)

{¶ 11} "Pattern of conduct" is defined as "two or more actions closely related in time[.]" R.C. 2903.211(D). "Mental distress" is defined in relevant part as "[a]ny

mental illness or condition that would normally require psychiatric treatment, psychological treatment, or other mental health services, whether or not any person requested or received psychiatric treatment, psychological treatment, or other mental health services." R.C. 2903.211(D)(2)(b).

{¶ 12} Under her first assignment of error, appellant claims the evidence was not sufficient to establish a pattern of conduct or the mens rea of knowingly placing appellee in fear of physical harm or mental distress. Under her second assignment of error, appellant claims there was an absence of any evidence of violence between the parties. In overruling the objections to the DVCPO, the trial court rejected appellant's arguments pertaining to fear of physical harm because the DVCPO did not issue on that basis. We agree and summarily reject these arguments.

{¶ 13} In finding the evidence established appellant engaged in a "pattern of conduct," the trial court cited evidence in the record establishing that after appellee had asked appellant to stop contacting him, appellant made more than 20 telephone calls to appellee and sent emails, texts, a post card, and a planter to appellee. The trial court also found there was evidence that appellant acted "knowingly" because not only did appellee tell appellant on several occasions to cease contact, but also the police instructed her to cease and appellant admitted she persisted in her pattern of conduct. Although appellant disputes the trial court's findings and maintains that she was responding to appellee, as was found by the trial court and reflected in the record — "appellant acknowledged that it was clear to her for over a year that Petitioner did not want any contact from her." Further, there was evidence that

appellant became aware that appellee was "afraid she is going to do me harm physically and emotionally[,]" yet she proceeded to send him an olive branch plant in the mail with a note stating, "I am afraid even as I am sending this that it will come off wrong." Finally, the trial court found that appellee's testimony that he suffered weight loss and incurred hospital treatment from the stress caused by appellant's actions was sufficient to establish that appellant's actions caused appellee mental distress. There is ample other testimony and evidence in the record supporting the trial court's determinations.

{¶ 14} Although appellant claims under her third assignment of error that the trial court employed an eggshell test, instead of a reasonableness test as to appellee's reported fear, the record demonstrates that the trial court engaged in the appropriate analysis. Indeed, the trial court properly evaluated the elements for the issuance a DVCPO and found by a preponderance of the evidence that "Respondent has committed domestic violence against Petitioner by engaging in menacing by stalking." Finally, appellant's fourth assignment of error challenges the appellee's motivation for filing his petition for a DVCPO. Our review of the entire record reflects that there is sufficient credible evidence in the record to support the trial court's decision. We overrule the assignments of error presented by appellant.

{¶ 15} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, domestic relations division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR