[Cite as *Lakewood v. Smyczek*, 2020-Ohio-271.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

| | | |
|---|---|---|
| CITY OF LAKEWOOD, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 108369 |
| v. | : | |
| ALEXANDER P. SMYCZEK, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** January 30, 2020

Criminal Appeal from the Lakewood Municipal Court
Case Nos. 2018 CRB 00815 and 2018 CRB 00886

***Appearances:***

Brian Corrigan, Prosecuting Attorney, City of Lakewood
and Andrew N. Fleck, Assistant Prosecuting Attorney, *for
appellee.*

Mark A. Stanton, Cuyahoga County Public Defender, and
Francis Cavallo, Assistant Public Defender, *for appellant.*

MARY EILEEN KILBANE, J.:

{¶ 1} Defendant-appellant Alexander P. Smyczek appeals from the trial court's judgment finding him in violation of the terms of his probation. For the reasons that follow, we dismiss this appeal as moot.

**Facts**

{¶ 2} Smyczek was charged originally on July 5, 2018, for multiple misdemeanor offenses related to the violation of a no-contact order with the victim in this case. Contingent on Smyczek's plea, the city asked the court to nolle and dismiss the remaining counts, and Smyczek entered a plea of no contest to Count 1 of telecommunications harassment, a first-degree misdemeanor, and to Count 2 of violation of a protection order, also a first-degree misdemeanor. On August 9, 2018, he was sentenced to 180 days in jail for the telecommunications harassment count. He was also sentenced to two years of community-control supervision with 180 days of jail suspended for the violation of a protection order.

{¶ 3} On November 13, 2018, the trial court was made aware of potential contact by Smyczek with the victim. That contact would have potentially constituted a violation of Smyczek's probation, and the trial judge set a hearing for December 20, 2018. At that hearing, two key pieces of evidence were presented: 1) testimony from the victim that she had been visited by a friend of Smyczek and 2) a letter the victim received from one of Smyczek's fellow inmates in Cuyahoga County jail. Witnesses gave further testimony regarding both. At the conclusion of the hearing, the trial court found that the defendant had violated the terms of his probation and imposed the suspended sentence of 180 days consecutive to the jail time Smyczek was still serving.

{¶ 4} Intent on appealing the finding of a probation violation, Smyczek moved the trial court to assign counsel for appeal. Upon the consent of the

Cuyahoga County Public Defender, an attorney from that office was assigned as counsel for the defendant on March 12, 2019. With counsel, Smyczek filed a motion for a delayed appeal, which was granted by this court on April 10, 2019. In an attempt to preserve his case for appeal, Smyczek also filed a motion for stay of execution on April 18, 2019, which was denied. Following an extension requested by his counsel, Smyzcek filed his brief in this case on July 10, 2019 — after his release from jail.

## Law and Analysis

{¶ 5} In his brief, Smyczek argues that the trial court erred in finding that he had violated the terms of his community control. He raises the following three assignments of error for our review.

### Assignment of Error No. 1

Appellant was denied the effective assistance of counsel in his trial.

### Assignment of Error No. 2

There was insufficient evidence produced at trial to support a finding of guilt on all counts.

### Assignment of Error No. 3

The trial court erred by finding the defendant guilty against the manifest weight of the evidence.

{¶ 6} Before we can address his three assignments of error, we must determine whether his appeal is moot. For the following reasons, we determine it is.

{¶ 7} When a misdemeanant voluntarily completes the sentence for that offense, the appeal from that conviction is moot "unless the defendant has offered evidence from which an inference can be drawn that he or she will suffer some collateral legal disability or loss of civil rights stemming from that conviction." *State v. Golston*, 71 Ohio St.3d 224, 226, 643 N.E.2d 109 (1994). A collateral disability is an adverse legal consequence of a conviction or judgment that survives despite the court's sentence having been satisfied or served. *In re S.J.K.*, 114 Ohio St.3d 23, 2007-Ohio-2621, 867 N.E.2d 408, ¶ 10. Without some collateral consequence to address — when a defendant is no longer serving his sentence — there is no remedy this court may provide. *State v. Santiago*, 8th Dist. Cuyahoga No. 101612, 2015-Ohio-1301, ¶ 9.

{¶ 8} Even when a defendant does not serve his sentence voluntarily, there must be some collateral consequence to address if the sentence has concluded. In *Cleveland Hts. v. Lewis*, 129 Ohio St. 3d 389, 2011-Ohio-2673, 953 N.E.2d 278, the Ohio Supreme Court considered what it meant to serve a sentence voluntarily. They held that:

> [t]he completion of a sentence is not voluntary and will not moot an appeal if the circumstances surrounding it demonstrate that the appellant neither acquiesced in the judgment nor abandoned the right to appellate review, that the appellant has a substantial stake in the judgment of conviction, and that there is subject matter for the appellate court to decide.

*Id.* at syllabus.

**{¶ 9}** There can also be other "real and significant" collateral consequences of any misdemeanor conviction. *Id.* at ¶ 29-34 (Lanzinger, J., concurring). Even though the defendant in *Lewis* completed his sentence, his misdemeanor conviction itself was sufficient subject matter for an appellate court to address. The probation violation in this case is easily distinguishable.

**{¶ 10}** Here, Smyczek did not serve his violation sentence voluntarily; he contested the charges at his hearing, filed a stay of execution to this court that was denied, and appealed the conviction. However, there is nothing in the record or appellant's brief that suggests that any collateral consequences exist in this case. *See J.M. v. D.H.*, 8th Dist. Cuyahoga No. 108303, 2020-Ohio-108, ¶ 2. As a result, with Smyczek having completed his sentence, there is no remedy this court may provide. His appeal is moot.

**{¶ 11}** Appeal dismissed.

It is ordered that appellee recover of appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

EILEEN A. GALLAGHER, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR