**[Cite as *Haueisen v. Worthington*, 2019-Ohio-5085.]**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Steffanie and John Haueisen, | : | |
| Appellants-Appellants, | : | |
| v. | : | No. 19AP-253 |
| | | (C.P.C. No. 18CV-479) |
| City of Worthington, Ohio et al., | : | |
| | | (REGULAR CALENDAR) |
| Appellees-Appellees, | : | |
| [Robert and Deborah Tucker, | : | |
| Intervenors]. | : | |

D E C I S I O N

Rendered on December 10, 2019

**On brief:** *Sandra J. Dickinson*, for appellants. **Argued:** *Sandra J. Dickinson.*

**On brief:** *BakerHostetler*, and *Robert J. Tucker*, for appellees. **Argued:** *Robert J. Tucker.*

**On brief:** *Plank Law Firm, LPA, David Watkins*, for intervenors. **Argued:** *David Watkins.*

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Appellants Steffanie and John Haueisen (collectively, "the Haueisens") appeal from a judgment of the Franklin County Court of Common Pleas dismissing as moot their appeal from a decision of appellee Board of Zoning Appeals for the city of Worthington ("BZA") related to property owned by intervenors-appellees Robert and Deborah Tucker (collectively, "the Tuckers"). For the following reasons, we deny the Tuckers' motion to

dismiss the Haueisens' appeal to this court as moot, grant the Tuckers' motion to strike the Haueisens' supplemental reply brief, and affirm the judgment of the common pleas court.

**I. Facts and Procedural History**

{¶ 2} The dispute giving rise to this appeal involves construction of a single-family residence at 595 Fox Lane, Worthington, Ohio ("the Property") and the proximity of that residence to the neighboring parcel to the south.

{¶ 3} The Tuckers purchased the Property in February 2017. In July 2017, a building permit was issued for construction of a single-family residence on the Property. On September 7, 2017, the BZA granted variances for three window wells encroaching into the north side yard of the Property and an attached garage exceeding the square footage permitted under the Worthington zoning ordinance. That same date, the BZA found that the Property was an "existing lot of record" under the Worthington zoning ordinance, with a minimum side yard requirement of six feet.

{¶ 4} The Haueisens own 587 Fox Lane, which borders the Property to the south. On September 28, 2017, Steffanie Haueisen contacted the Worthington Chief Building Inspector ("Inspector") to assert the Property was not an existing lot of record and that an eight-foot side yard was required. She claimed the foundation for the residence was being constructed 70 inches (or five feet and ten inches) from the southern boundary of the Property. On October 2, 2017, the Inspector issued a decision that the Property was an "existing lot of record" when the Worthington zoning ordinance was adopted in 1971 and, therefore, was subject to a six-foot side yard requirement. The Inspector further decided the construction on the Property was in substantial compliance with this requirement because the foundation wall was being constructed 76.8 inches (or six feet and almost five inches) from the southern boundary of the Property. The Haueisens appealed the Inspector's decision to the BZA, asserting the Property was not an existing lot of record when the zoning ordinance was adopted because it was held in common ownership with two other parcels; therefore, the Haueisens argued, the Property was subject to an eight-foot side yard requirement.

{¶ 5} Based on the information contained in the Haueisens' appeal to the BZA, the Inspector revoked the building permit. The Tuckers then appealed the revocation of the building permit to the BZA. Both appeals were scheduled to be heard at the BZA's regular meeting on December 7, 2017. The BZA considered the Haueisens' appeal first, taking

statements from the Haueisens, their attorney, the Tuckers' attorney, the Worthington Law Director, and neighboring property owners. The BZA voted to deny the Haueisens' appeal and affirm the Inspector's decision that the Property was an existing lot of record with a six-foot side yard requirement. The Inspector then wrote the Tuckers a letter informing them of the BZA's denial of the Haueisens' appeal and that he "hereby restore[d] Permit 23526 to construct a single-family dwelling" at 595 Fox Lane. (Feb. 18, 2019 Reply in Support, Ex. 2.) The Tuckers then withdrew their appeal of the Inspector's revocation of the building permit.

{¶ 6} The Haueisens appealed to the common pleas court pursuant to R.C. Chapter 2506, naming the BZA and the city of Worthington as appellees. The Tuckers moved to intervene as appellees before the common pleas court. The court granted the Tuckers' motion, finding they had an interest in the matter as owners of the Property, they were so situated that disposition of the action might impair or impede their ability to protect that interest, and their interest was not adequately represented by the BZA and the city of Worthington.

{¶ 7} The parties filed briefs in the common pleas court addressing the merits of the Haueisens' appeal. The Tuckers also filed a motion to dismiss, arguing the appeal was moot because the Haueisens failed to obtain a stay or injunction of the BZA's decision and construction of the Tuckers' residence was substantially complete. The Haueisens filed a memorandum in opposition, asserting the BZA decision they appealed would not have been subject to a stay or injunction and that the appeal was not moot because it presented matters of great public concern. The common pleas court dismissed the appeal, finding it was moot because it involved construction and the Haueisens had failed to obtain a stay or injunction pending appeal. The court further held the appeal did not present an issue of great public importance.

## II. Assignments of Error

{¶ 8} The Haueisens appeal and assign the following four assignments of error for our review:

> I. This appeal should not be dismissed as moot because the legal issues presented regarding administration and enforcement of zoning ordinances are a matter of great public interest and importance.

II. Appellant should not be required to address other possible exceptions to mootness and a court should not dismiss based on its assumptions about why other possible exceptions were not addressed.

III. The BZA decision made and appealed from in this case could not be stayed or enjoined because it was an interpretation of the zoning ordinances, was not a decision that directly allowed construction to proceed, and was not executable.

IV. The reason why the BZA made no executable decision that could be stayed was the fault of property owner Tucker because he withdrew his appeal to the BZA of revocation of the building permit.

## III. Analysis

{¶ 9} Before we consider the Haueisens' appeal of the common pleas court's decision, we must address two preliminary matters. First, the Tuckers have moved to dismiss the present appeal as moot. Second, the Tuckers have also moved to strike a supplemental reply brief filed by the Haueisens following oral argument.

### A. Motion to Dismiss Appeal

{¶ 10} The Tuckers moved to dismiss the Haueisens' appeal to this court as moot, reiterating the argument they made in the common pleas court—i.e., that the appeal from the BZA decision is moot because it involved construction and the Haueisens failed to obtain a stay or injunction pending appeal. In support of their motion, the Tuckers cite several of the decisions relied on by the common pleas court in dismissing the BZA decision as moot. The Tuckers' motion to dismiss this appeal misconstrues the meaning of those decisions. As discussed below, this court has held that an appeal involving construction is rendered moot when construction commences and the appellant fails to obtain a stay of execution of the trial court's ruling or an injunction pending appeal. *TP Mechanical Contrs., Inc. v. Franklin Cty. Bd. of Commrs.*, 10th Dist. No. 08AP-108, 2008-Ohio-6824, ¶ 20. However, the cases applying that principle have involved situations where the common pleas court issued a decision on the underlying administrative appeal rather than dismissing the appeal as moot; therefore, the dismissal due to mootness occurred on appeal to this court. By contrast, in the present case, the common pleas court concluded the Haueisens' appeal from the BZA decision was moot and dismissed the appeal on that basis.

Under those circumstances, we have jurisdiction to review the common pleas court's determination that the Haueisens' appeal was moot.

{¶ 11} Accordingly, we deny the Tuckers' motion to dismiss this appeal.

## B. Motion to Strike Supplemental Reply Brief

{¶ 12} Next, we turn to the Tuckers' motion to strike the Haueisens' supplemental reply brief. After oral argument, the Haueisens moved for leave to file a supplemental brief instanter on October 4, 2019, and this court granted the motion. The entry granting the Haueisens' motion also authorized the Tuckers and the BZA to file supplemental response briefs. The Tuckers filed a supplemental response brief on October 15, 2019. The Haueisens then filed a reply to the Tuckers' supplemental response brief. The Tuckers moved to strike the Haueisens' reply to their supplemental response brief, asserting the issues were fully briefed and the Haueisens did not request leave to file a reply brief. The Haueisens filed a memorandum in opposition, asserting a reply brief was permitted under the Rules of Appellate Procedure and that they were entitled to file a reply brief because the Tuckers raised a new legal argument in their supplemental response brief.

{¶ 13} The Haueisens argue they were entitled to file a reply brief pursuant to App.R. 16, which provides for the filing of an appellant's brief, an appellee's brief, and an appellant's reply brief. The Haueisens assert this structure also applies to supplemental briefs—i.e., an appellant's supplemental brief, an appellee's supplemental brief, and an appellant's supplemental reply brief. However, after designating aforementioned briefing structure, App.R. 16(C) states that "[n]o further briefs may be filed except with leave of court." The entry granting the Haueisens' motion to file a supplemental brief stated the Haueisens' motion to file the supplemental brief instanter was granted and authorized any of the appellees to file a supplemental response brief. The entry did not permit supplemental reply briefs by any party. Further, to the extent the Haueisens argue they were entitled to file a reply brief because the Tuckers asserted a new legal argument in their supplemental response brief, we reject that argument. In the Haueisens' supplemental brief, they asserted there was no legal mechanism under Worthington ordinances or Ohio law for them to obtain a stay or injunction of the Tuckers' construction. The Tuckers' supplemental response brief notes that the Worthington zoning ordinance provides for a remedy of injunction. This was responsive to the Haueisens' assertion and does not constitute a new legal argument.

**{¶ 14}** Accordingly, we grant the motion to strike the Haueisens' supplemental reply brief, and the contents of that brief will not be considered in this appeal.

**C. Review of Common Pleas Court's Decision**

**{¶ 15}** The Haueisens appealed the common pleas court's decision pursuant to R.C. 2506.04, which provides that "[t]he judgment of the [common pleas] court may be appealed by any party on questions of law." In this case, the common pleas court did not reach the merits of the Haueisens' appeal because it concluded the appeal was moot. Whether a case or appeal is moot is a question of law, which we review de novo. *Tucker v. Leadership Academy for Math & Science of Columbus*, 10th Dist. No. 14AP-100, 2014-Ohio-3307, ¶ 7. *See also Wedgewood, Ltd. Partnership I v. Liberty Twp. Bd. of Zoning Appeals*, 187 Ohio App.3d 24, 2010-Ohio-2068, ¶ 22 (5th Dist.) (applying de novo standard of review to common pleas court's dismissal of appeal of Liberty Township Board of Zoning Appeals' ruling as moot).

**{¶ 16}** The Haueisens' four assignments of error all relate to their underlying claim that the common pleas court erred by dismissing their appeal as moot. Accordingly, we will address all four of the Haueisens' assignments of error together.

**{¶ 17}** As the common pleas court noted, "[t]his court has consistently held that, where an appeal involves construction, the appellant fails to obtain a stay of execution of a trial court's ruling or an injunction pending appeal, and construction commences, the appeal is rendered moot." *TP Mechanical* at ¶ 20. *See also Dublin v. Friedman*, 10th Dist. No. 16AP-516, 2017-Ohio-9127, ¶ 19; *Meccon, Inc. v. Univ. of Akron*, 182 Ohio App.3d 85, 2009-Ohio-1700, ¶ 28 (10th Dist.); *Redmon v. City Council of the City of Columbus*, 10th Dist. No. 05AP-466, 2006-Ohio-2199, ¶ 6; *Nextel W. Corp. v. Franklin Cty. Bd. of Zoning Appeals*, 10th Dist. No. 03AP-625, 2004-Ohio-2943, ¶ 13. The BZA denied the Haueisens' appeal on December 7, 2017, and the Haueisens filed their appeal in the common pleas court on January 16, 2018. The Tuckers did not move for leave to file a motion to dismiss until April 3, 2018. The Haueisens did not move for a stay of the BZA's decision pending their appeal in the common pleas court or otherwise seek an injunction to stop construction of the Tuckers' home pending appeal at any time prior to the filing of the motion to dismiss. The first affidavit submitted by Robert Tucker in support of the Tuckers' motion to dismiss in the common pleas court stated that, as of April 2018, significant construction had taken place on the Property. A second affidavit submitted by Robert in the common pleas court

stated that construction on the Property was nearing completion as of February 2019 and the Tuckers intended to occupy the house in April 2019.

{¶ 18} The Haueisens assert the BZA's decision was not subject to a stay or injunction because it involved an interpretation of the Worthington zoning ordinance and did not directly allow construction on the Property to proceed. The Haueisens argue this is distinguishable from the type of decision that would directly allow construction to proceed, such as a grant of a variance, issuance of a building permit, or award of a construction contract.

{¶ 19} In *Nextel*, the Franklin County Board of Zoning Appeals ("board") denied a conditional use request to construct a telecommunications facility on property located in Madison Township. *Nextel* at ¶ 1. Nextel appealed to the common pleas court, arguing in part that the board lacked authority to regulate public utilities in the rural zoning district where the property was located. *Id.* at ¶ 2. The common pleas court found the board lacked jurisdiction to require a conditional use permit for construction of the facility because the property was not zoned solely for residential use. *Id.* The board appealed to this court, but Nextel filed a motion to dismiss as moot because the telecommunications facility had already been constructed. *Id.* at ¶ 3-4. This court granted the motion to dismiss, finding the board did not even move for a stay of the common pleas court's decision pending its appeal. *Id.* at ¶ 13. Although the underlying board decision in *Nextel* involved denial of a conditional-use permit, the common pleas court's decision turned on interpretation of statutes defining the board's jurisdiction. Thus, this was the same type of interpretative decision involved in the present appeal. As in *Nextel*, it appears the Haueisens did not even attempt to obtain a stay of the BZA's decision or an injunction to prevent continued construction while their appeal was pending.[1] Under these circumstances, we conclude the common pleas court did not err by concluding the Haueisens' appeal was moot because it

---

[1] We note the Haueisens also assert that mootness must not result from the action or inaction of a party and argue that the Tuckers' withdrawal of their appeal of the Inspector's revocation of the building permit prevented the BZA from making a decision that would have been subject to a stay or injunction. In support of this argument, the Haueisens cite *Roberts v. Put-in-Bay Planning Comm.*, 6th Dist. No. 93OT040 (July 15, 1994), and the cases relied on by that decision. However, the dissenting judge in *Nextel* cited these same cases and advocated for the same rationale, but the majority declined to adopt it. *See Nextel* at ¶ 26-29 (Sadler, J., dissenting). Because this court has continued to apply the majority opinion in *Nextel* and has not adopted the rationale of the dissenting opinion in that case, we decline to do so here.

involved construction on the Property, and the Haueisens failed to obtain a stay of execution or injunction pending appeal.

{¶ 20} The Haueisens further argue their appeal should not have been deemed moot because it involved a matter of great public interest and importance. " ' "[A]lthough a case may be moot with respect to one of the litigants, the court may hear the appeal where there remains a debatable constitutional question to resolve, or where the matter appealed is one of great public or general interest." ' " *Nextel* at ¶ 15, quoting *State ex rel. White v. Koch*, 96 Ohio St.3d 395, 2002-Ohio-4848, ¶ 16, quoting *Franchise Developers, Inc. v. Cincinnati*, 30 Ohio St.3d 28 (1987), paragraph one of the syllabus. This court has noted this is a rare exception to the mootness doctrine, ordinarily only applied by the Supreme Court of Ohio. *Nextel* at ¶ 15. In *Nextel*, this court rejected application of the "public or general interest" exception to the mootness doctrine, noting the underlying issue was whether the rural zoning district at question was an area zoned for residential use. *Id.* at ¶ 16. Likewise, in the present case, the issue before the BZA was whether the Property was an existing lot of record when the Worthington zoning ordinance was adopted, for purposes of determining the appropriate side yard setback requirement. We do not find that to constitute an issue of great public or general interest such that the common pleas court should decide an otherwise moot issue.

{¶ 21} Accordingly, we overrule the Haueisens' four assignments of error.

## IV. Conclusion

{¶ 22} For the foregoing reasons, we deny the Tuckers' motion to dismiss, we grant the Tuckers' motion to strike the Haueisens' supplemental reply brief, and we overrule the Haueisens' four assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BRUNNER, J., concurs.
NELSON, J., concurs in judgment.


NELSON, J., concurring in judgment.

{¶ 23} I fully agree that the trial court correctly and necessarily dismissed this action as moot, that we have jurisdiction to review that decision on appeal, and that we are well

past the time by which briefing in this matter should have ended. I join in the judgment of the court and in its rulings on the Tuckers' motions.

{¶ 24} I write separately just to underscore that the trial court had no discretion in the matter: as it recognized, "[c]ourts will not decide moot cases." Decision and Final Judgment Entry Granting Motion to Dismiss Appeal as Moot at 5, quoting *Dublin v. Friedman*, 10th Dist. No. 16AP-516, 2017-Ohio-9127, ¶ 18. The trial court was right that we have long and repeatedly held that " '[w]hen a case is deemed moot, the defending party is entitled to a dismissal as a matter of right.' " *Dublin* at ¶ 20, quoting *Lund v. Portsmouth Local Air Agency*, 10th Dist. No. 14AP-60, 2014-Ohio-2741, ¶ 6, citing *United States v. W.T. Grant Co.*, 345 U.S. 629, 632 (1953). (Under controlling precedents, a claim "is not moot" under certain exceptional circumstances when the challenged action is too short to allow remedy before its expiration and the same complaining party is likely to be subject to the same action again. *See, e.g., State ex rel. Dispatch Printing Co. v. Greer*, 114 Ohio St.3d 511, 513, 2007-Ohio-4643.)

{¶ 25} That rule is not limited to the common pleas courts, but is consistent with constraints on the judicial power more generally. "That an appellate court * * * will dismiss the appeal when the court becomes aware of an event that has rendered the issue moot is a proposition of law that harks back" a long time. *Cincinnati Gas & Elec. Co. v. Pub. Util. Comm.*, 103 Ohio St.3d 398, 401, 2004-Ohio-5466. The judicial power is limited to live controversies. Again, "we do not decide moot cases." *State v. Cupp*, 156 Ohio St.3d 207, 210, 2018-Ohio-5211 (citations omitted) (distinguishing certified conflict questions). Any rare " 'public or general interest' exception" tends to be within the exclusive preserve of the Supreme Court of Ohio rather than for "a court whose decision does not have binding effect over the entire state." *Harshaw v. Farrell*, 55 Ohio App.2d 246, 251 (10th Dist.1977). Thus, as the majority opinion says at ¶ 20, we (regularly) have "rejected application of the 'public or general interest' exception to the mootness doctrine * * *." *See also, e.g., State ex rel. Yost v. Buechel*, 5th Dist. No. 03CAH12071, 2004-Ohio-2828, ¶ 12 ("We find the issue to be moot and not justiciable despite appellant's argument that this case strikes 'at the essence of democracy' ").

{¶ 26} That is not to say that we are precluded from reviewing decisions of the trial courts that adjudicate mootness concerns. Absent some development that renders a case newly moot at the appellate level, we appropriately exercise appellate review. We have

undertaken such review here, affirming the judgment of the Franklin County Court of Common Pleas.

{¶ 27} I very much concur in the judgment of this court.

_____