**[Cite as *Doe v. Upper Arlington Bd. of Edn.*, 2021-Ohio-3805.]**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| John Doe 1, | : | |
| Plaintiff-Appellant, | : | No. 21AP-31 |
| v. | : | (C.P.C. No. 20CV-5150) |
| Upper Arlington Board of Education et al., | : | (ACCELERATED CALENDAR) |
| | : | |
| Defendants-Appellees. | : | |
| | : | |

D E C I S I O N

Rendered on October 26, 2021

**On brief**: *Cooper & Elliott, LLC*, *Rex H. Elliott*, and *Sean R. Alto*; *Poling Law*, *Brant E. Poling*, and *Jennifer L. Myers*, for appellant. **Argued**: *Rex H. Elliott.*

**On brief**: *Freund, Freeze & Arnold* and *Bartholomew T. Freeze*; *Scott Scriven LLP*, *Jessica K. Philemond*, and *Mitchell L. Stith*, for appellees Upper Arlington School Board of Education, Dr. Paul Imhoff, Nancy Drees, Scott McKenzie, Jenny McKenna, Carol Mohr, and Lori Trent. **Argued**: *Jessica K. Philemond.*

**On brief**: *Bricker & Eckler LLP*, *Nicole M. Donovsky*, and *Susan L. Oppenheimer*, Amici Curiae Ohio School Boards Association, Buckeye Association of School Administrators, and Ohio Association of School Business Officials.

APPEAL from the Franklin County Court of Common Pleas

NELSON, J.

{¶ 1}   Plaintiff-Appellant John Doe 1 (not his real name) seeks to appeal the trial court's denial of his predecessor plaintiff's motion for a preliminary injunction, a motion to which Mr. Doe became heir and by which he endeavored to block enforcement of a school board resolution that now has expired by its terms and otherwise been overtaken by events. Because the requested preliminary injunction at this juncture would not alter the relationship of the parties or provide Mr. Doe any meaningful relief from current circumstances, we lack authority to review the merits of the case as currently postured and we will dismiss this appeal as moot.

{¶ 2}   In August of 2020, Mr. Doe, then in the company of original plaintiff Jane Doe and other Upper Arlington students, sued the Upper Arlington Board of Education and its members (together, "the Board"), along with the schools' Superintendent and the Franklin County Health Commissioner and Assistant Commissioner, over the Board's plans in light of the Covid-19 pandemic to begin the 2020-2021 school year with no option for students to be able to attend school in person.  As alleged in the August 11, 2020 Amended Complaint, the Board on July 31, 2020 had adopted a Resolution reciting then-new authority from Ohio's General Assembly "to provide instruction using a remote learning model for the 2020-2021 school year," and resolving among other things "that [some jargon deleted] the 2020-2021 school year will begin in Enhanced Distance Learning [that is, with no in-person school attendance] and continue in Enhanced Distance Learning through at least September 18, 2020."  Amended Complaint, Exhibit A (July 31, 2020 Resolution).

{¶ 3}   In addition to claimed compensatory damages and other relief, the Complaint sought a preliminary injunction "prohibiting Defendants from enforcing the Resolution" and "compelling an optional in-person mode of instruction for students." Amended Complaint at Prayer for Relief (B) through (D).   Contemporaneously with the filing of the original Complaint on August 6, 2020, Jane Doe had moved for what she called a preliminary injunction restraining the Board from "[e]nforcing [its] July 31st Resolution" and from "[f]ailing to provide an in-person option for mode of instruction for the 2020-2021 school year."  August 6, 2020 Motion at 1.

{¶ 4}   The trial court denied Mr. Doe's (adopted) preliminary injunction motion in a Decision and Entry of January 6, 2021.  It certified that denial as a "final order," with

regard to which "[t]here is no just cause for delay" of appellate review. January 6, 2021 Decision at 9. Mr. Doe filed his Notice of Appeal on January 28, 2021. On February 24, 2021 (some 12 days after the Board submits that it "voted to return to in-person classes five days per week, beginning on March 1, 2021," *see* March 11, 2021 Brief of [Board] Appellees at 27), Mr. Doe filed his Appellant's Brief presenting one assignment of error: "The trial court erred when it denied Plaintiff-Appellant's motion for preliminary injunction seeking to require the Upper Arlington Board of Education to offer in-person instruction to begin the 2020-2021 school year on the grounds that the Ohio Constitution does not provide a fundamental right to a basic minimum education." Appellant's Brief at iv. After oral arguments set for the summer were rescheduled at the request first of one side and then the other, this panel heard oral argument on October 5, 2021.

{¶ 5} By this point, the 2020-2021 school year implicated by the preliminary injunction motion, by the July 31, 2020 Resolution that was the object of that motion, by the General Assembly's temporary enactment on which that Resolution relied, and by Mr. Doe's sole assignment of error, has ended. We are well into the 2021-2022 school year. The parties agreed at oral argument that Upper Arlington schools are back in session with students allowed to attend in person.

{¶ 6} The relief that Mr. Doe had requested in his preliminary injunction motion related only to the last school year. The laws of time and physics render consideration of such preliminary relief meaningless at this point: prospective relief limited to some period in the past is no relief at all. This appeal, which involves only the denial of the requested preliminary injunction, is moot. And under our constitutional system, the judicial power is appropriately constrained so that we are without authority to delve into this moot matter and issue what under these circumstances would be a purely advisory opinion.

> It is a standing principle that Ohio courts should not entertain jurisdiction over cases that do not present an actual controversy. * * * "If, while an action is pending, an event occurs that renders it impossible for a court to grant any effectual relief, the court will generally dismiss the action." *Ridgeway v. State Med. Bd. of Ohio,* 10th Dist. No. 06AP-1197, 2007-Ohio-5657, ¶ 11 * * * * An action is moot when it involves no genuine justiciable controversy upon which the court can render a decision that affects the existing legal relations between the parties. * * * *

> We find that this appeal is now moot. Even if the appeal were to proceed to a favorable conclusion, we doubt that the [appellee could provide the relief sought].

*Polisetty v. State Med. Bd. of Ohio*, 10th Dist. No. 15AP-482, 2015-Ohio-5278, ¶ 4-5 (citations omitted).

**{¶ 7}** "That an appellate court * * * will dismiss the appeal, when the court becomes aware of an event that has rendered the issue moot is a proposition of law that harks back" a very long time. *Cincinnati Gas & Elec. Co. v. Pub. Util. Comm.*, 103 Ohio St.3d 398, 2004-Ohio-5466, ¶ 15 (citations omitted). *See also, e.g., State v. Cupp*, 156 Ohio St.3d 207, 2018-Ohio-5211, ¶ 12 ("we do not decide moot cases"; citations omitted; distinguishing certified conflict cases).

**{¶ 8}** And, contrary to Mr. Doe's suggestion at argument, any rare " 'public or general interest' exception" tends to exist, if at all, within the exclusive preserve of the Supreme Court of Ohio rather than for "a court whose decision does not have binding effect over the entire state." *Harshaw v. Farrell*, 55 Ohio App.2d 246, 251 (10th Dist.1977). Thus, for example, the decision cited at argument by Mr. Doe's counsel of *Althof v. Ohio State Bd. of Psychology*, 10th Dist. No. 05AP-1169, 2007-Ohio-1010, concluded in paragraph 84 that: "As this court is not the highest court of the state and our decisions do not have binding effect over the entire state, we decline to consider appellant's * * * assignment * * * under an exception to the mootness doctrine." *See also, e.g., Haueisen v. Worthington*, 10th Dist. No. 19AP-253, 2019-Ohio-5085, ¶ 20 and concurrence at ¶ 25; *State ex rel. Yost v. Buechel*, 5th Dist. No. 03CAH12071, 2004-Ohio-2828, ¶ 12 ("We find the issue to be moot and not justiciable despite appellant's argument that this case strikes 'at the essence of democracy.' ").

**{¶ 9}** To be sure, controlling precedent provides that a claim "is not moot" under certain exceptional circumstances when the same complaining party is likely to be subject to the same action again and the type of challenged action is too short to allow remedy before its expiration. *See, e.g., State ex rel. Dispatch Printing Co. v. Geer*, 114 Ohio St.3d 511, 2007-Ohio-4643, ¶ 10; *State ex rel. Calvary v. Upper Arlington*, 89 Ohio St.3d 229, 231 (2000). But circumstances here satisfy neither required (and exacting) prong. First, and although the Board's counsel refused at argument to disavow all possibility that Upper Arlington school buildings again will be closed to students, Mr. Doe gives us no basis to find

a reasonable "expectation" or "likelihood" of such recurrence during his remaining time in the Upper Arlington schools, *see Calvary* at ¶ 9-10: Mr. Doe's school apparently has been back in session live and in person since before the end of the last school year; the state legislative backdrop against which the Board issued its now expired July 31, 2020 Resolution has changed; and parents and schools in the district (and beyond) have had opportunity to gain more experience, data, and hindsight from which to assess what makes sense for the overall well-being of students during such times. Second, Mr. Doe has not shown that the issues he raises would invariably be destined to evade review: his counsel notes that his claims were not limited to the preliminary injunction before us now, and in any event he points to no inherent obstacle to court review of such claims should they be advanced in future contexts.

{¶ 10} This appeal is moot. We dismiss it for that reason and remand the case to the Franklin County Court of Common Pleas.

*Appeal dismissed.*

SADLER and JAMISON, JJ., concur.

NELSON, J., retired, of the Tenth Appellate District, assigned to active duty under the authority of the Ohio Constitution, Article IV, Section 6(C).

_____