[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Casanova v. Lutz*, Slip Opinion No. 2023-Ohio-1225.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-1225

THE STATE EX REL. CASANOVA, APPELLANT, *v.* LUTZ, SHERIFF, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Casanova v. Lutz*, Slip Opinion No. 2023-Ohio-1225.]**

*Habeas corpus—Excessive bail—Following conviction, any error concerning the issue of pretrial bail is moot—Appellant has not shown that mootness exception applies—Appeal dismissed.*

(No. 2022-1101—Submitted February 7, 2023—Decided April 18, 2023.)

APPEAL from the Court of Appeals for Muskingum County, No. CT2022-0051.

_____

**Per Curiam.**

{¶ 1} Appellant, Ethan Casanova, appeals the Fifth District Court of Appeals' decision setting his bail at $250,000. After Casanova filed his appeal, he pleaded guilty and was sentenced. We therefore dismiss the appeal as moot.

{¶ 2} In June 2022, Casanova was indicted on several charges and arrested. The trial court set bail at $500,000. Casanova filed a petition for a writ of habeas

corpus in the Fifth District claiming that his bail was unconstitutionally excessive. The Fifth District granted the writ and reduced Casanova's bail to $250,000. Casanova appealed to this court, arguing that his bail was still unconstitutionally excessive. After Casanova filed his appeal, he pleaded guilty and was sentenced. Appellee, Muskingum County Sheriff Matt Lutz, has filed a motion to dismiss the appeal as moot.

{¶ 3} Following conviction, any error concerning the issue of pretrial bail is moot. *State v. Hughbanks*, 99 Ohio St.3d 365, 2003-Ohio-4121, 792 N.E.2d 1081, ¶ 35. Casanova agrees that he is no longer entitled to relief in habeas corpus. But he requests review of his claim nonetheless, arguing that an exception to the mootness doctrine applies because his appeal raises an issue capable of repetition yet evading review, a debatable constitutional question, and a matter of great public interest. *See Franchise Developers*, *Inc. v. Cincinnati*, 30 Ohio St.3d 28, 505 N.E.2d 966 (1987), paragraph one of the syllabus. An issue is capable of repetition yet evading review if the challenged action is too short in duration to be fully litigated prior to its cessation and there is a reasonable expectation that the parties will be subject to the same action again. *M.R. v. Niesen*, 167 Ohio St.3d 404, 2022-Ohio-1130, 193 N.E.3d 548, ¶ 11. "It is not enough for an issue to be capable of repetition between *some* parties; the issue must be capable of repetition between the 'same' parties." *Id.* at ¶ 12, quoting *United States v. Sanchez-Gomez*, __ U.S. __, __, 138 S.Ct. 1532, 1540, 200 L.Ed.2d 792 (2018). Casanova argues that because speedy-trial rules generally require that defendants held in jail pending trial for felonies be tried within 90 days, *see* R.C. 2945.71, this court will never have a chance to consider questions related to excessive bail in time to rule prior to the relevant trial.

{¶ 4} Casanova has not shown that a mootness exception applies in this case. First, this court has ruled on appeals regarding excessive bail within 90 days. *See, e.g.*, *DuBose v. McGuffey*, 168 Ohio St.3d 1, 2022-Ohio-8, 195 N.E.3d 951

(notice of appeal filed November 16, 2021, and decision issued January 4, 2022). Second, the mootness exception requires that there be a reasonable expectation that the issue will arise again between the same parties. It is unlikely that this issue will arise again between these parties.

{¶ 5} For these reasons, we grant Lutz's motion to dismiss the appeal as moot. Casanova's requests for oral argument are denied.

Appeal dismissed.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

————————————

Benbow Law Offices, L.L.C., and Brian W. Benbow, for appellant.

Ronald W. Welch, Muskingum County Prosecuting Attorney, and Mark A. Zanghi, Assistant Prosecuting Attorney, for appellee.

————————————