[Cite as *State v. Davis*, 2023-Ohio-3012.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## WYANDOT COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                CASE NO. 16-23-01

    v.

EMMA J. DAVIS,

                            O P I N I O N

    DEFENDANT-APPELLEE.

[AGNES PFEIFER - APPELLANT]

Appeal from Upper Sandusky Municipal Court

Trial Court No. CRB 2200279

Appeal Dismissed

Date of Decision: August 28, 2023

APPEARANCES:

    *Agnes A. Pfeifer,* Appellant

**MILLER, P.J.**

{¶1} Victim-appellant, Agnes Pfeifer ("Pfeifer"), appeals a decision of the Upper Sandusky Municipal Court denying her request to be present at all times during the trial of the defendant, Emma J. Davis ("Davis").[1] For the reasons that follow, we dismiss the appeal as moot.

{¶2} On June 29, 2022, Pfeifer filed a complaint in the Upper Sandusky Municipal Court alleging Davis committed criminal trespass on June 26, 2022 in violation of R.C. 2911.21(A) on property owned by Pfeifer and her husband.

{¶3} The matter proceeded to a bench trial on January 13, 2023.[2] Following the completion of the first witness's testimony, defense counsel moved for the separation of witnesses, and the trial court granted the motion. (Jan. 13, 2023 Tr. at 13-15). The State indicated it intended to call Pfeifer, the alleged victim, who was present in the courtroom, as a witness. (*Id.* at 13). Pfeifer indicated she desired to remain in the courtroom for the duration of the trial; however, the trial court directed

---

[1] The trial court's decision to separate witnesses, and thus exclude Pfeifer from the courtroom, was made during the course of the trial and was not journalized despite Pfeifer's request for the court to do so. Consequently, Pfeifer filed her appeal from the court's judgment entry of acquittal.

[2] We note that the statement of facts in Pfeifer's brief contains a number of factual statements that are not contained in the record. (Appellant's Brief at 2-3). In *State v. Hooks*, the Supreme Court of Ohio stated that "a reviewing court cannot add matter to the record before it that was not a part of the trial court's proceedings." *State v. Hooks*, 92 Ohio St.3d 83 (2001). Additionally, the record cannot be enlarged by factual assertions in an appellate brief. *State v. Morrow*, 5th Dist. Muskingum No. CT2021-0053, 2022-Ohio-1089, ¶ 19. Accordingly, we disregard the statements in Pfeifer's brief that were not part of the trial court's record as they are outside the scope of our review.

Pfeifer to wait outside the courtroom during the other witnesses' testimony. (*Id.* at 13-15).

**{¶4}** At the conclusion of the trial, the trial court found that, pursuant to easement, Davis had privilege to be on the property owned by Pfeifer. Accordingly, the trial court found Davis not guilty and discharged her. Later that day, the trial court filed a judgment entry memorializing its decision.

**{¶5}** On February 9, 2023, Pfeifer filed a notice of appeal. She raises one assignment of error for our review.

### Assignment of Error

**The trial court erred on January 13, 2023, when it granted Defendant's Motion for Separation of Witnesses and instructed Victim to vacate the courtroom thereby denying Victim-Appellant A.P.'s constitutional and statutory right to be present at trial.**

**{¶6}** In her assignment of error, Pfeifer argues the trial court violated Article I, Section 10a(A)(2) of the Ohio Constitution, Evid.R. 615(B)(4), and R.C. 2930.09 by denying her request to be present during the entirety of Davis's trial.

**{¶7}** Article I, Section 10a of the Ohio Constitution, commonly referred to as Marsy's Law, expanded the rights afforded to victims of crime. In pertinent part, Marsy's Law provides victims the right, "upon request, to reasonable and timely notice of all public proceedings involving the criminal offense * * * and to be present at all such proceedings." Ohio Constitution, Article I, Section 10a(A)(2).

"While Marsy's Law incorporates the victim's right to be present at trial into the Ohio Constitution, 'the notion that a victim may remain present during the trial proceedings is not new.'" *Grandview Hts. v. B.S.H.*, 10th Dist. Franklin No. 22AP-207, 2023-Ohio-940, ¶ 9, quoting *Cleveland v. Alrefaei*, 8th Dist. Cuyahoga No. 107985, 2020-Ohio-5009, ¶ 57. R.C. 2930.09, as effective at the time of the trial, states that "[a] victim in a case may be present whenever the defendant * * * is present during any stage of the case * * * that is conducted on the record, other than a grand jury proceeding, unless the court determines that exclusion of the victim is necessary to protect the defendant's * * * right to a fair trial * * *." R.C. 2930.09 (July 1, 1996)(current version at R.C. 2930.09 (Apr. 6, 2023)).

**{¶8}** Evid.R. 615, which concerns separation of witnesses, provides that "at the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses" or "may make the order of its own motion." Evid.R. 615(A). However, Evid.R. 615 "does not authorize exclusion" of "an alleged victim of the charged offense to the extent that the alleged victim's presence is authorized by statute * * * or by the Ohio Constitution." Evid.R. 615(B).

**{¶9}** Pfeifer contends the trial court violated her right to be present in the courtroom during Davis's trial by ordering a separation of witnesses, which precluded her from being present in the courtroom during the testimony of the other witnesses. Specifically, she contends that because the Davis failed to make a

specific showing that her right to a fair trial would be prejudiced by Pfeifer's presence in the courtroom, the trial court erred by not permitting Pfeifer to remain in the courtroom when she was not testifying.

{¶10} In *Grandview Hts. v. B.S.H.*, the Tenth District Court of Appeals recently addressed a remarkably similar issue and we find the court's decision in that case persuasive. *Grandview Hts.*, 2023-Ohio-940, at ¶ 9-21. As the Tenth District recognized in *Grandview Heights*, even if we were to find the trial court erred by denying Pfeifer's request to be present during trial, there is no remedy we can provide her. *Id.* at ¶ 10. Davis was acquitted of criminal trespassing, and the Double Jeopardy Clause protects her from being tried again for the same offense. *Id.* at ¶ 11. *See Bravo-Fernandez v. United States*, 580 U.S. 5, 9, 137 S.Ct. 352 (2016). Accordingly, since Davis may not be tried again, Pfeifer's appeal of the trial court's decision not permitting her in the courtroom is moot. *Grandview Hts.* at ¶ 11, citing *State v. Brasher*, ___Ohio St.3d___, 2022-Ohio-4703, ¶ 25.

{¶11} Moreover, we note that victims are not parties to the underlying criminal case, a designation that remains unchanged under Marsy's Law. *See Brasher* at ¶ 6, citing *State v. Hughes*, 2019-Ohio-1000, ¶ 14 (8th Dist.). Here, the trial court acquitted Davis of the sole charge. Accordingly, the adversarial proceeding between the defendant and the State, the parties to the proceeding, has

concluded.[3] "[T]he state constitution specifically provides that all prosecutions shall be conducted by and in the name of the state of Ohio." *Hughes* at ¶ 12, citing Ohio Constitution, Article IV, Section 20. Accordingly, "'[i]t is not the victim's interests that are being represented in a criminal case, but rather those of the people of the State of Ohio.'" *Id.*, quoting *State v. Williams*, 7th Dist. Mahoning No. 09 MA 11, 2010-Ohio-3279, ¶ 32.

{¶12} "The doctrine of mootness is rooted both in the 'case' or 'controversy' language of Section 2, Article III of the United States Constitution and in the general notion of judicial restraint." *James A. Keller, Inc. v. Flaherty*, 74 Ohio App.3d 788, 791 (10th Dist.1991). "While Ohio has no constitutional counterpart to Section 2, Article III, the courts of Ohio have long recognized that a court cannot entertain jurisdiction over a moot question." *Id.* "'"The duty of [the court] * * * is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it."'" *Empace Equip. Corp. v. Maximus Consulting, L.L.C.*, 9th Dist. Summit No. 27468, 2015-Ohio-1801, ¶ 5, quoting *Miner v. Witt*, 82 Ohio St. 237, 238 (1910), quoting *Mills v. Green*, 159 U.S. 651, 653, 16 S.Ct. 132 (1895). "In other words, an issue is moot

---

[3] In as much as the criminal case has concluded, neither the State nor Davis filed an appellate brief or took any role in this appeal. Consequently, the crucible of justice pointing out flaws in an opposing party's argument that accompanies adversarial cases and controversies is not present in this matter.

when it has no practical significance, being instead merely hypothetical or academic." *In re Guardianship of Weller*, 2d Dist. Montgomery No. 24337, 2011-Ohio-5816, ¶ 7. Pfeifer acknowledges that this court cannot remedy the situation that occurred during the trial. However, she asks us to address her assignment of error to "educate those that read the opinion of this Court on the merits of this appeal and provide assistance to individuals in the future." (Appellant's Brief at 24). Accordingly, Pfeifer argues that even if the present appeal is moot, we should address her assignment of error because the exceptions to the mootness doctrine are applicable here. We disagree.

{¶13} "A court may hear an otherwise moot case when the issues are capable of repetition, yet evade review, when a debatable constitutional question remains to be resolved, or when the issues involved concern a matter of great public or general interest." *In re L.W.*, 10th Dist. Franklin No. 05AP-317, 168 Ohio App.3d 613, 2006-Ohio-644, ¶ 12. Pfeifer alleges that all three exceptions apply to the instant case.

{¶14} "An issue is capable of repetition yet evading review if the challenged action is too short in duration to be fully litigated prior to its cessation and there is a reasonable expectation that the parties will be subject to the same action again." *State ex rel. Casanova v. Lutz*, ___ Ohio St.3d. ___, 2023-Ohio-1225, ¶ 3. "'It is not enough for an issue to be capable of repetition between *some* parties; the issue

must be capable of repetition between the "same" parties.'" *Id.* quoting *M.R. v. Niesen*, 167 Ohio St.3d 404, 2022-Ohio-1130, ¶ 12.

**{¶15}** Pfeifer argues that the Supreme Court of Ohio and other appellate courts have relaxed the "same complaining party" requirement. *See e.g.*, *In re Suspension of Huffer from Circleville High School*, 47 Ohio St.3d 12, 14 (1989); *State ex rel. Dispatch Printing Co. v. Louden*, 91 Ohio St.3d 61, 62 (2001); *Hughes v. Registrar, Ohio BMV*, 79 Ohio St.3d 305, 307, 1997-Ohio-387. However, the Supreme Court of Ohio recently espoused the requirement that the issue must be between the same parties. *See Niesen* at ¶ 12; *State ex rel. Casanova v. Lutz*, \_\_\_\_ Ohio St.3d \_\_\_\_\_, 2023-Ohio-1225, ¶ 3-4. *See also Grandview Hts.*, 2023-Ohio-940, at ¶ 16 (strictly upholding the requirement that the conflict be between the same litigant when reviewing the denial of an alleged victim's request to be present during a trial). Because the trial court found Davis legally permitted to be on the property in question, the court entered a judgment of acquittal. Under these facts, we do not find that the instant case satisfies the mootness exception of being capable of repetition, yet evading review. *Id.*

**{¶16}** Pfeifer also contends the present case concerns a debatable constitutional question that remains to be resolved. Specifically, Pfeifer argues "[w]hether a victim is entitled to enforcement of her constitutional right to be present, her rights to justice and due process, and the right to be treated with fairness

and respect for her dignity are important constitutional questions that need resolved by this Court." (Appellant's Brief at 17). However, we do not find that the instant case raises a debatable constitutional issue for this court to resolve. Notably, the trial court was not asked, and therefore did not, conduct an analysis of Marcy's Law. Nor does Pfeifer challenge the constitutionality of any provision of Marsy's Law. Rather, Pfeifer complains the trial court erred in its application of the applicable law to the facts in the instant case. Accordingly, Pfeifer's arguments, as presented under the particular facts of this case, do not implicate a broader discussion regarding victims' rights pursuant to Marsy's Law. Thus, the instant case does not present a debatable constitutional question that remains to be resolved. *Grandview Hts.*, 2023-Ohio-940, at ¶ 18 (finding no debatable constitutional question where "the case concerns the trial court's application of the facts of the case to applicable law, and does not involve a broader debate regarding victims' rights under Marsy's Law").

{¶17} Finally, Pfeifer argues her assignment of error should be exempt from the mootness doctrine because it involves a matter of great public or general interest. Specifically, Pfeifer contends the instant case has the potential to impact the fair and even implementation of Marsy's Law to all crime victims. (Appellant's Brief at 18). The validity of those concerns notwithstanding, this exception "should be used with caution and only on rare occasions." *Rithy Properties, Inc. v. Cheeseman*, 10th

Dist. Franklin No. 15AP-641, 2016-Ohio-1602, ¶ 24. "Generally, the invocation of this exception remains the province of the highest court in the state, rather than the intermediate appellate courts, whose decisions do not have binding effect over the entire state." *Id.* Although the issue presented in the instant case is obviously of great personal interest and importance to Pfeifer, we are not persuaded it rises to the level of great public or general interest required to meet the high threshold necessary to exempt the argument from the mootness doctrine. *Grandview Hts.* at ¶ 19-20; *State ex rel. City of Englewood Dir. of Law v. Red Carpet Inn*, 2d Dist. Montgomery No. 27590, 2018-Ohio-1224, ¶ 10.

{¶18} Having found that none of the exceptions to the mootness doctrine apply to the present case, we find Pfeifer's appeal to be moot. Accordingly, we dismiss the appeal.

*Appeal Dismissed*

**WALDICK and ZIMMERMAN, J.J., concur**

**/jlr**