[Cite as *State v. Ndubueze*, 2024-Ohio-1415.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellant, | : | CASE NO. CA2023-04-045 |
| | : | O P I N I O N |
| - vs - | | 4/15/2024 |
| | : | |
| SOLOMON KINGSOLO NDUBUEZE, | : | |
| Appellee. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2022-02-0191

Michael T. Gmoser, Butler County Prosecuting Attorney, and Willa Concannon, Assistant Prosecuting Attorney, for appellant.

Michele Temmel, for appellee.

**PIPER, J.**

{¶ 1} Victims-appellants, K.O. and M.O., appeal from a judgment of the Butler County Court of Common Pleas alleging they were deprived of certain rights under Article I, Section 10a of the Ohio Constitution, commonly referred to as Marsy's Law, during the criminal trial of defendant-appellee, Solomon Ndubueze. For the reasons that follow, we dismiss the appeal as moot.

## I. Facts & Procedural History

**{¶ 2}** The underlying case involves allegations of sexual abuse that went unreported for years. On February 26, 2022, the defendant was indicted on three counts of rape and seven counts of gross sexual imposition. The indictment alleged the defendant sexually abused K.O. and M.O. between 2010 and 2013 when the victims were less than ten years old. The defendant pled not guilty and the matter proceeded to a jury trial.

**{¶ 3}** The trial commenced on March 13, 2023. At the start of trial, defense counsel moved for a separation of witnesses, which the trial court ordered without objection. K.O. testified about the sexual abuse she suffered and the reasons why she did not initially disclose the sexual abuse. K.O. stated that, as she grew older, the abuse weighed heavily on her mind until she began to think about it constantly. K.O. eventually disclosed the sexual abuse while in an inpatient mental health facility following a suicide attempt.

**{¶ 4}** Prior to cross-examination, the court held a sidebar where the state argued that defense counsel should not be permitted to inquire about K.O.'s mental health or suicide attempt, arguing that it was too stigmatizing and constituted improper character evidence. The trial court overruled the state's objection concluding it was unable to make such a broad ruling without infringing on the defendant's right to a fair trial. However, it cautioned defense counsel not to stray from the limited inquiry.

**{¶ 5}** Thereafter, defense counsel made a limited inquiry into certain sensitive topics, including self-harm, mental health, and suicide. The inquiry focused on the fact that K.O. had been seeing mental health care providers but did not inform them that she had ever been the victim of sexual abuse until four days into her admission to the inpatient facility. This was a critical part of the defense theory of the case. Defense counsel

indicated it would have no objection to a jury instruction that the information elicited was not character evidence, but stated the delay in reporting was "very relevant," in fact stating, "it's our entire case." [1]

{¶ 6} After K.O. testified, the state called M.O. Despite the separation order, K.O. remained in the courtroom. The victims' representative stated that K.O. wanted to remain in the courtroom while M.O. testified.[2] Defense counsel objected, asserting that the court had already granted the defendant's motion for the separation of witnesses and noting that both victims were subject to recall by the defense. The trial court ruled in favor of the defendant thereby maintaining the separation order.[3] Aside from when they were testifying as witnesses, K.O. and M.O. remained outside the courtroom until closing arguments.

{¶ 7} Following closing arguments, the jury found the defendant guilty on all charges. The trial court sentenced appellant to a mandatory prison term of 15-years-to-life. K.O. and M.O. filed the instant appeal.

## II. Assignments of Error

{¶ 8} Assignment of Error No. 1:

{¶ 9} THE TRIAL COURT ERRED BY DENYING THE VICTIMS-APPELLANTS THEIR RIGHT TO BE PRESENT AT TRIAL PURSUANT TO THE OHIO CONSTITUTION

---

1. Ultimately, the jury determined the allegations made by K.O. were credible finding the defendant guilty on all counts.

2. The victims' representative later filed a written memorandum requesting that K.O. and M.O. be permitted to "exercise victims' rights to be present and heard."

3. We note the trial court did make a distinction between a victim and an alleged victim. However, the version of R.C. 2930.01(H) in effect at the time defined a victim as anyone identified as an injured person or named as a victim in a police report, complaint, indictment, or information. The definition of "victim" is not contingent upon an adjudication or conviction. A similarly defined "victim" within Marsy's Law is an aggrieved individual "harmed by the commission of the offense or act." Ohio Constitution Article I, Section 10a(D); *City of Cleveland v. Alrefaei*, 8th Dist. Cuyahoga No. 16-23-01, 2020-Ohio-5009, ¶ 76-78 (Boyle, J., concurring in judgment only). Therefore, the trial court's distinction was misplaced.

(MARSY'S LAW), R.C. 2930.09, AND EVID. R. 615.

{¶ 10} Assignment of Error No. 2:

{¶ 11} THE TRIAL VIOLATED [sic] MARSY'S LAW BY PERMITTING DEFENSE COUNSEL TO CROSS-EXAMINE THE APPELLANT-RAPE VICTIM REGARDING IRRELEVANT INFLAMMATORY DETAILS OF A SUICIDE ATTEMPT.

### III. Legal Analysis

{¶ 12} In their two assignments of error, appellants argue they were deprived of their right to be present at trial and that K.O. was deprived of her right to "safety, dignity, and privacy" based upon the inquiries during cross-examination. *See* Ohio Constitution, Article I, Section 10a(A)(1) and (2). Appellants state that they do not want to disturb the final judgment of guilt but have filed this appeal seeking a "clear ruling" that the trial court denied their rights under Marsy's Law "so that other victims are not similarly stripped of their constitutional rights."

{¶ 13} Following review, we find appellants are requesting a remedy that this court cannot provide. Section (3)(B)(2), Article IV of the Ohio Constitution provides that appellate courts have jurisdiction only to "affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." *Anglin v. Donohoo*, 12th Dist. Clermont No. CA2018-05-025, 2018-Ohio-4484, ¶ 13. Appellants are requesting this court issue a decision that does not disturb the final order below, yet are asking this court to render an opinion so that the rights of other victims, in the future, are not infringed. In other words, appellants are requesting an advisory opinion. It is well settled that courts do not issue advisory opinions. *Dohme v. Eurand Am., Inc.*, 130 Ohio St.3d 168, 2011-Ohio-4609, ¶ 27; *State ex rel. White v. Koch*, 96 Ohio St.3d 395, 2002-Ohio-4848, ¶ 18. To issue such a ruling would fall outside of our constitutional authority and violate the cardinal principle of judicial restraint. *State ex rel. LetOhioVote.org v.*

*Brunner*, 123 Ohio St.3d 322, 2009-Ohio-4900, ¶ 51.

{¶ 14} Furthermore, this court does not resolve moot issues. *In re M.B.*, 12th Dist. Clermont No. CA2020-12-070, 2021-Ohio-2716, ¶ 22. Appellants acknowledge the criminal case has concluded but argue that this matter meets an exception to the mootness doctrine because the case (1) raises a question that is capable of repetition yet evading review, and (2) involves both debatable constitutional questions and matters of great public or general interest.

{¶ 15} The "capable of repetition, yet evading review" exception applies only in exceptional circumstances in which (1) the challenged action is too short in its duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again. *State ex rel. Dispatch Printing Co. v. Louden*, 91 Ohio St.3d 61, 64, 2001-Ohio-268; *State ex rel. Calvary v. Upper Arlington*, 89 Ohio St.3d 229, 231, 2000-Ohio-142.

{¶ 16} However, in this case, appellants have not presented any argument that there is a reasonable expectation of a retrial or that the "same complaining party will be subject to the same action again." *State ex rel. Casanova v. Lutz*, 171 Ohio St.3d 319, 2023-Ohio-1225, ¶ 4 ("the mootness exception requires that there be a reasonable expectation that the issue will arise again between the same parties"); *In re M.B.* at ¶ 24 ("there must be more than a theoretical possibility that the action will arise again"). Having made no such claim, this argument is forfeited. *State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, ¶ 10 ("An argument is forfeited when it is not timely asserted."), citing *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 21.

{¶ 17} Instead, appellants argue that this court should not enforce the second prong of the capable of repetition yet evading review test arguing the supreme court "has not strictly interpreted the 'same complaining party' requirement." However, the supreme

court has held otherwise stating that the issue must be between the same parties. *See M.R. v. Niesen*, 167 Ohio St.3d 404, 2022-Ohio-1130, ¶ 12; *State ex rel. Casanova* at ¶ 3-4. *See also Grandview Hts. v. B.S.H.*, 10th Dist. Franklin No. 22AP-207, 2023-Ohio-940, ¶ 16 (strictly upholding the requirement that the conflict be between the same litigant when reviewing the denial of an alleged victim's request to be present during a trial).

{¶ 18} Appellants also assert that this appeal is not moot because it is of great public or general interest, raising substantial constitutional questions. Although a case may be moot, a court may hear an appeal where there remains a debatable constitutional question to resolve, or where the matter appealed is one of great public or general interest. *State ex rel. White v. Koch*, 96 Ohio St.3d 395, 2002-Ohio-4848, ¶ 16. "Generally, the invocation of this exception remains the province of the highest court in the state, rather than the intermediate appellate courts, whose decisions do not have binding effect over the entire state." *Rithy Properties, Inc. v. Cheeseman*, 10th Dist. Franklin No. 15AP-641, 2016-Ohio-1602, ¶ 24. *See also Doe v. Upper Arlington Bd. Of Edn.*, 10th Dist. Franklin No. 21AP-31, 2021-Ohio-3805, ¶ 8. This exception is only used under rare occasions. *Cheeseman* at ¶ 24, citing *In re L.W.*, 10th Dist. Franklin No. 05AP-317, 2006-Ohio-644, ¶ 13. In this case, we are not persuaded that the issues meet the high threshold necessary to exempt the argument from the mootness doctrine particularly because new legislation has been passed providing procedures affecting the enforcement of a victim's constitutional rights under Marsy's Law. R.C. 2930.19. *See also Grandview Hts. v. B.S.H.*, 10th Dist. Franklin No. 22AP-207, 2023-Ohio-940, ¶ 19-20; *State v. Davis*, 3d Dist. Wyandot No. 16-23-01, 2023-Ohio-3012, ¶ 17.

{¶ 19} We are mindful that, at the heart of this appeal, is a request for further clarity on Marsy's Law. We have previously acknowledged there can be confusing procedural aspects regarding Marsy's Law. *State v. Brasher*, 12th Dist. Butler No. CA2020-08-094,

2021-Ohio-1688, ¶ 18. However, we note there is a new legal landscape that has come into force since this matter was tried. Legislation implementing Marsy's Law was recently enacted and became effective April 6, 2023. *See* 2022 Sub.H.B. No. 343. Enacted as part of the legislation, R.C. 2930.19 provides a victim with the ability to file an interlocutory appeal, as well as a direct appeal, which pertain to the rights of the victim. R.C. 2930.19(A)(2); *See State v. O'Neill*, 12th Dist. Butler No. 2024-01-004, 2024-Ohio-485. However, that statute did not become applicable until after the trial in the instant matter. [4] Thus, while appellants postulate there are potential victims who may benefit from an advisory opinion, we note those potential victims will have a remedy through the new provisions enacted by the legislature. Considering all of the arguments raised herein, we find this case is not one of such extraordinary circumstance as to justify either exception to the mootness doctrine. Therefore, the state's two assignments of error are moot and need not be addressed.

## IV. Conclusion

{¶ 20} For the foregoing reasons, we dismiss the appeal as moot.

{¶ 21} Appeal dismissed.

HENDRICKSON, P.J., and BYRNE, J., concur.

---

4. It is well settled that a statute is presumed to apply prospectively. R.C. 1.48; *State v. Consilio*, 114 Ohio St.3d 295, 2007-Ohio-4163, ¶ 9. In order for a statute to be applied retroactively, a court must first make the threshold determination that the General Assembly expressly intended the statute to apply retroactively. *State v. Gloff*, 12th Dist. Clermont No. CA2019-06-047, 2020-Ohio-3143, ¶ 19. In considering the presumption and with no statutory intention expressed as to retroactivity, R.C. 2930.19 cannot be applied retroactively.