[Cite as *M.R. v. Niesen*, 2020-Ohio-4368.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| M.R., a Cincinnati Police Officer, pleading under a pseudonym, | : | APPEAL NO. C-200302<br>TRIAL NO. A-2002596 |
| Plaintiff-Appellee, | : | *O P I N I O N.* |
| vs. | | |
| JULIE NIESEN, | : | |
| and | | |
| TERHAS WHITE, | : | |
| Defendants-Appellants, | : | |
| and | | |
| JAMES NOE, | : | |
| and | | |
| ALISSA GILLEY, | : | |
| Defendants. | : | |

Civil Appeal From:   Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Appeal Dismissed

Date of Judgment Entry on Appeal: September 9, 2020

*Gottesman & Associates, LLC, Zachary Gottesman* and *Peter J. Stackpole*, and *Crehan & Thumann, LLC,* and *Robert J. Thumann*, for Plaintiff-Appellee,

*Kinsley Law Office* and *Jennifer M. Kinsley*, and *Laursen & Mellott, LLC,* and *Erik W. Laursen*, for Defendants-Appellants.

Per Curiam.

{¶1} Plaintiff-appellee M.R. filed a motion in this court to dismiss defendants-appellants Julie Niesen and Terhas White's appeal from the trial court's entry granting in part and denying in part plaintiff's request for a temporary restraining order. The trial court declined to temporarily restrain defendants from making social-media posts, but did enjoin temporarily until the case could be heard on the merits of a preliminary injunction, the disclosure of personal identifying information of the plaintiff, such as his phone number, address, name, and social security number. Because we find this limited, temporary order to be a nonfinal order, we grant the motion to dismiss. We emphasize that the only issue we are deciding is whether the temporary restraining order, by law limited in time and designed to maintain the status quo until a hearing on the request for an injunction, presents us with a final order.

{¶2} M.R., a Cincinnati police officer, filed a complaint against Niesen and White, along with several other defendants who are not parties to this appeal. The complaint alleged that M.R., while providing crowd control and security during an open forum before the city's Budget and Finance Committee, had made the "okay" signal by holding up his hand and touching his thumb and index finger in response to a question about the status of a police officer that had just left the scene. The complaint further alleged that, in response to M.R.'s signal, several in the crowd claimed he was a white supremacist and that he intended to intimidate people with his gesture. According to the complaint, the defendants made various posts on social-media platforms falsely portraying M.R. as a white supremacist, referring to him derogatorily, and threatening to publicize his personal identifying information. M.R. also claimed the defendants filed false complaints against him with the Citizen's

Complaint Authority. The complaint contained causes of action for false light invasion of privacy, defamation, a violation of R.C. 2307.60, and negligence/recklessness. The merits of these claims are not before this court.

{¶3} M.R. filed two additional motions. He filed a motion under Sup.R. 45 for leave to file an affidavit under seal and proceed under a pseudonym. M.R. also filed a motion for a temporary restraining order and a preliminary injunction, requesting that the trial court order the defendants to remove the social-media posts portraying M.R. as a white supremacist and to refrain from similar posting on social media in the future, and to enjoin the defendants from publicizing M.R.'s personal identifying information.

{¶4} On July 24, the trial court held a hearing on these two motions. The trial court granted the Sup.R. 45 motion to seal the affidavit and allow M.R. to proceed under a pseudonym. The latter half of the hearing focused on the motion for a temporary restraining order.[1] Counsel for M.R. and counsel for defendants presented legal arguments, focusing primarily on the content of the posts, rather than personal identifying information of the officer. At the conclusion of the hearing, the trial court stated that, with respect to M.R.'s request that it order the defendants to remove their social-media posts and prohibit them from making similar posts in the future, it would "stand with the First Amendment," and it overruled that request. But the trial court stated that it was granting the temporary restraining order and enjoining the defendants from publishing M.R.'s personal information. The trial court issued an entry granting the temporary restraining order in this limited way, and enjoined the defendants from publicizing, through social media or other channels, M.R.'s personal identifying information. The court set the case for hearing on the request for a preliminary injunction for the next week, July 30.

---

[1] The court was prepared to hold a hearing on the request for an injunction, but all parties objected and requested the hearing be limited to the temporary restraining order.

{¶5} At the defendants' request, this hearing was moved to August 11. On that date, the court indicated that it intended to proceed with the hearing for a preliminary injunction. Counsel for two of the defendants, however, objected to the hearing going forward. The court granted the request for a continuance, continued the temporary order in place, and set the case for the injunction hearing on September 1.

{¶6} Before that hearing could be held, Niesen and White appealed the trial court's July 24 entry granting in part the requested temporary restraining order. M.R. has filed a motion to dismiss the appeal, arguing that the trial court's entry was not a final, appealable order.

{¶7} This court only has jurisdiction to review final and appealable orders. Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2505.03. Typically, the granting of a temporary restraining order is not a final, appealable order subject to appellate review. *Nexus Gas Transm., LLC v. Camelback, Ltd.*, 5th Dist. Stark No. 2015CV00167, 2016-Ohio-624, ¶ 22; *In re Estate of Georskey*, 11th Dist. Geauga No. 2000-G-2299, 2001 WL 824326 (July 20, 2001).

{¶8} Appellants argue that the trial court's entry is subject to immediate appellate review because it imposed a prior restraint on their speech. They cite multiple cases in support of their argument that an order imposing a prior restraint requires immediate appellate review. *See Natl. Socialist Party of Am. v. Village of Skokie*, 432 U.S. 43, 97 S.Ct. 2205, 53 L.Ed.2d 96 (1977); *Puruczky v. Corsi*, 2018-Ohio-1335, 110 N.E.3d 73 (11th Dist.); *Connor Group v. Raney*, 2d Dist. Montgomery No. 26653, 2016-Ohio-2959; *Internatl. Diamond Exchange Jewelers, Inc. v. U.S. Diamond and Gold Jewelers, Inc.*, 70 Ohio App.3d 667, 591 N.E.2d 881 (2d Dist.1991).

{¶9} Each of the cases cited by appellants involves a trial court's issuance of an injunction, either preliminary or permanent. *See Natl. Socialist Party of Am.* at

5

44 (where an injunction imposes a prior restraint on First Amendment rights, strict procedural safeguards, including immediate appellate review, must be provided); *Puruczky* at ¶ 15 (when a preliminary injunction constitutes a prior restraint on speech, immediate appellate review is required); *Connor Group* at ¶ 1 ("a preliminary injunction that constitutes a prior restraint on speech requires immediate appellate review"); *Internatl. Diamond Exchange Jewelers, Inc.* at 670 (where a preliminary injunction constitutes a prior restraint on speech, immediate appellate review is required).

{¶10} Perhaps recognizing this distinction between the issuance of a preliminary injunction and a temporary restraining order (which by its terms is temporary and expires as provided by rule and law), appellants contend that the trial court's order is, in essence, a preliminary injunction rather than a temporary restraining order. They argue that the order retains all of the qualities of a preliminary injunction because it was not issued ex parte, but rather following a hearing at which appellants were present, and because the trial court extended the order's application past the expiration of the period set forth in Civ.R. 65 for a temporary restraining order.

{¶11} Having reviewed the transcript of the July 24 hearing before the trial court, we are not persuaded by the appellants' assertion that the trial court's issuance of a temporary restraining order was tantamount to a preliminary injunction. When the hearing began, the trial court, recognizing that the hearing was not ex parte, stated that because service had been perfected it would proceed with a preliminary injunction hearing. The plaintiff and the defendants objected. Counsel for M.R. stated that he was only prepared to proceed with a hearing for a temporary restraining order because he intended to proceed solely on the previously filed brief, whereas he would have offered live testimony if the court were holding a hearing on a motion for a preliminary injunction. The trial court heard from all counsel, and

6

ultimately determined that it would proceed solely on the motion for a temporary restraining order.

{¶12} Additionally, the temporary restraining order issued by the trial court was not tantamount to a preliminary injunction because its purpose was solely to preserve the status quo as to the personal identifying information of M.R. until the hearing on the preliminary injunction and public access could be held. *See Farmers Ins. Exchange v. Weemhoff*, 5th Dist. Richland No. 02-CA-26, 2002-Ohio-5570, ¶ 11. The order only prohibited appellants from publishing M.R.'s personal identifying information; it did not otherwise grant M.R.'s request to delete social-media posts or enjoin the defendants from making social-media posts in the future. And it was consistent with maintaining the court's previously entered Sup.R. 45 order protecting this same information until further hearing. Both issues were to be addressed by the court on September 1.

{¶13} We hold that the trial court's issuance of a temporary restraining order was not a final, appealable order subject to review by this court. We accordingly grant M.R.'s motion to dismiss the appeal.

Appeal dismissed.

**MYERS, P.J., BERGERON** and **CROUSE, JJ**.

Please note:

The court has recorded its own entry on the date of the release of this opinion.

7