[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *M.R. v. Niesen*, Slip Opinion No. 2022-Ohio-1130.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-1130

M.R., A CINCINNATI POLICE OFFICER, APPELLEE, *v.* NIESEN ET AL., APPELLANTS.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *M.R. v. Niesen*, Slip Opinion No. 2022-Ohio-1130.]

*Mootness—Temporary restraining orders—Civ.R. 65(A)—It is this court's duty to decide only actual controversies between parties legitimately affected by specific facts—Because the temporary restraining order at issue was no longer in effect, the appeal of the order was moot—For purposes of the exception to the mootness doctrine for issues that are capable of repetition yet evading review, it is not enough for an issue to be capable of repetition between some parties; the issue must be capable of repetition between the same parties—Cause dismissed as moot.*

(No. 2020-1131—Submitted November 9, 2021—Decided April 6, 2022.)

APPEAL from the Court of Appeals for Hamilton County, No. C-200302, 2020-Ohio-4368.

_____

**DeWine, J.**

{¶ 1} A common pleas court issued a temporary restraining order ("TRO") prohibiting Julie Niesen, Terhas White, and others from publishing the personal identifying information of Ryan Olthaus, a Cincinnati police officer. We are asked to decide whether a speech-restraining TRO is immediately appealable. But that issue must be left for another day because the TRO has expired and this appeal is moot.

## I. Background

### A. *Olthaus is accused of being a white supremacist and sues his accusers*

{¶ 2} Olthaus filed a civil complaint against Niesen, White, and several others in the Hamilton County Common Pleas Court. The complaint alleged that in the summer of 2020, Olthaus was providing security and crowd control for a public forum at a Cincinnati City Council committee meeting. At the meeting, a large crowd of citizens called for the city to defund the police. At one point Olthaus made the hand signal for "okay." Some in the crowd interpreted this gesture as a symbol of white supremacy. Among them were Niesen and White, who quickly posted on social media calling Olthaus a white supremacist.

{¶ 3} After Niesen, White, and others accused Olthaus of being a white supremacist, Olthaus sued them for defamation, false-light invasion of privacy, and other claims. Olthaus sought to proceed under a pseudonym and to file an affidavit under seal. (In *State ex rel. Cincinnati Enquirer v. Shanahan*, ___ Ohio St.3d ___, 2022-Ohio-448, ___ N.E.3d ___, ¶ 43, this court held that he could not proceed anonymously.) Olthaus also sought a TRO and a preliminary injunction compelling Niesen, White, and others to refrain from posting, and to remove, social-media posts referring to him as a white supremacist and restraining them from publishing his personal identifying information.

*B. The common pleas court grants a temporary restraining order*

{¶ 4} On July 24, 2020, the common pleas court held a hearing at which all the parties were present. The court had planned to use the hearing to resolve Olthaus's request for a preliminary injunction, but neither side was ready to move forward on that matter. Instead, the parties asked the court to resolve Olthaus's request for a TRO and to reschedule the preliminary-injunction hearing for a later date. The court agreed to do so and proceeded with a hearing on the TRO. Following the hearing, the court declined to order the defendants to remove their social-media posts, but it did issue a TRO restraining Niesen, White, and another defendant from publicly disseminating Olthaus's personal identifying information. The court then set a preliminary-injunction hearing for July 30. However, that date was later moved to August 11 at the request of both sides to allow additional time to conduct discovery.

{¶ 5} On August 11, 18 days after the TRO was entered, the common pleas court reconvened to conduct the preliminary-injunction hearing. But before any witness could be called, White objected to going forward and asked for additional time. The court granted that request and reset the hearing for September 1, telling the parties that the TRO would remain in place in the meantime. However, the court did not issue an order to that effect until August 13, when it entered an order vacating the TRO as to a different defendant. The court stated in that order that the TRO would remain in effect as to all the other defendants.

{¶ 6} The following week, Niesen and White appealed the TRO. They filed their notice of appeal on August 18, 25 days after the common pleas court had entered the TRO. The First District Court of Appeals, however, concluded that the TRO was not a final, appealable order. 2020-Ohio-4368, ¶ 13. Niesen and White appealed to this court, submitting that a court-imposed prior restraint on speech is immediately appealable, and this court accepted jurisdiction. *See* 161 Ohio St.3d 1406, 2021-Ohio-106, 161 N.E.3d 683.

## II. Analysis

### A. *This appeal has a mootness problem*

{¶ 7} To be sure, Niesen and White advance serious arguments that a TRO that acts as a prior restraint on speech should be immediately appealable. But before this court can address the merits of their appeal, we must be sure that there remains an "actual controvers[y]," *Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371 (1970); *see also* Ohio Constitution, Article IV, Section 1 (limiting this court's authority to the "judicial power"). If the controversy has come and gone, then this court must dismiss the case as moot. *See Travis v. Pub. Util. Comm.*, 123 Ohio St. 355, 175 N.E. 586 (1931), paragraph two of the syllabus; *Miner v. Witt*, 82 Ohio St. 237, 238-239, 92 N.E. 21 (1910).

{¶ 8} The requirements for and scope of a TRO are governed by Civ.R. 65(A). That rule provides that a TRO

> shall expire by its terms within such time after entry, *not to exceed fourteen days*, as the court fixes, unless within the time so fixed the order, for good cause shown, is extended *for one like period* or unless the party against whom the order is directed consents that it may be extended for a longer period. The reasons for the extension shall be set forth in the order of extension.

(Emphasis added.)

{¶ 9} The TRO in question was entered on July 24, 2020. The common pleas court did not issue an order to renew the TRO until August 13, 20 days after the TRO was first entered. But by that time the TRO had already expired, and under the plain terms of Civ.R. 65(A), the court lacked authority to extend the TRO. A TRO may only be extended "*within* the time so fixed" by the original TRO. (Emphasis added.) *Id.* The TRO did not include an expiration date, but its duration

could not exceed 14 days from the entry. *See id.* Thus, the TRO expired on August 8, 2020. And even if one accepts the dubious premise that the trial court's August 13 order somehow extended a TRO that had already expired, the extended TRO would have expired on August 27, 2020.

{¶ 10} Courts do not review cases that no longer present live controversies. *Tschantz v. Ferguson*, 57 Ohio St.3d 131, 133, 566 N.E.2d 655 (1991). Because the TRO at issue is no longer in effect, the appeal of the TRO is moot. *See State ex rel. Pfeiffer v. Columbus Inn & Suites*, 10th Dist. Franklin No. 14AP-132, 2014-Ohio-4358, ¶ 40 ("Once the TRO expired, the controversy surrounding the entry of that order became moot"); *see also State ex rel. Celebrezze v. Allen Cty. Bd. of Cty. Commrs.*, 32 Ohio St.3d 24, 26, 512 N.E.2d 332 (1987), fn. 2.

*B. This appeal does not fall under any of the exceptions to the mootness doctrine*

{¶ 11} None of the exceptions to the mootness doctrine save this appeal from dismissal. The closest any exception comes to being applicable is the one for issues that are capable of repetition yet evading review, but it too does not apply. An issue is capable of repetition yet evading review if " '(1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again.' " *United States v. Sanchez-Gomez*, ___ U.S. ___, ___, 138 S.Ct. 1532, 1540, 200 L.Ed.2d 792 (2018), quoting *Turner v. Rogers*, 564 U.S. 431, 439-440, 131 S.Ct. 2507, 180 L.Ed.2d 452 (2011); *see also State ex rel. Bechtel v. Cornachio*, 164 Ohio St.3d 579, 2021-Ohio-1121, 174 N.E.3d 744, ¶ 11; *State ex rel. Calvary v. Upper Arlington*, 89 Ohio St.3d 229, 231, 729 N.E.2d 1182 (2000). The first element is easily satisfied, as it is the rarest of cases that can be fully litigated in a matter of weeks. The second element, however, has not been satisfied.

{¶ 12} It is not enough for an issue to be capable of repetition between *some* parties; the issue must be capable of repetition between the "same" parties. *Id.* That

means that for the exception to apply, there must be a reasonable expectation of repeated actions between Olthaus and Niesen and White concerning the issue. But it is beyond unlikely that this issue will repeat itself between these parties. The TRO has already expired and can no longer be renewed. *See* Civ.R. 65(A). And in *Shanahan*, this court determined that Olthaus may not proceed anonymously and must proceed under his proper name. ___ Ohio St.3d ___, 2022-Ohio-448, ___ N.E.3d ___, at ¶ 43. So there is no real possibility that this controversy will reoccur: any further effort by Olthaus to prevent the defendants from identifying him would be futile.

{¶ 13} It is our duty to only "decide actual controversies between parties legitimately affected by specific facts." *Fortner*, 22 Ohio St.2d at 14, 257 N.E.2d 371. Because the TRO at issue has expired, this appeal no longer concerns an actual controversy. Accordingly, this court is duty bound to dismiss this appeal as moot.

### III. Conclusion

{¶ 14} Because the TRO at issue expired long ago, we dismiss this matter as moot. We further order that the court of appeals' decision in this case, 2020-Ohio-4368, not be cited as precedent, except by the parties inter se.

Cause dismissed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

Gottesman & Associates, L.L.C., and Zachary Gottesman; and Crehan & Thumann, L.L.C., and Robert J. Thumann, for appellee.

Laursen & Mellott, L.L.C., and Erik W. Laursen, for appellant Julie Niesen.

Kinsley Law Office and Jennifer M. Kinsley, for appellant Terhas White.

Stagnaro, Saba & Patterson Co., L.P.A., and Jeffrey M. Nye, urging reversal for amici curiae law professors Jonathan Entin, David F. Forte, Andrew Geronimo, Raymond Ku, Stephen Lazarus, Kevin Francis O'Neill, Margaret Christine

Tarkington, Aaron H. Caplan, and Eugene Volokh; National Writers Union; Society of Professional Journalists; NewsGuild-CWA; Euclid Media Group; First Amendment Lawyers Association; and Institute for Free Speech.

Frantz Ward, L.L.P., Thomas G. Haren, and Gregory R. Farkas, urging reversal for amici curiae Ohio Coalition for Open Government, Ohio News Media Association, and Ohio Association of Broadcasters.

———————————