[Cite as *State v. Smith*, 2023-Ohio-1779.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                             Court of Appeals No.  WD-22-053

      Appellee                                         Trial Court No.  2021CR0220

v.

Samon Latrice Smith                                  **DECISION AND JUDGMENT**

      Appellant                                        Decided:  May 26, 2023

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Chief Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant

* * * * *

**ZMUDA, J.**

## I.    Introduction

{¶ 1} Appellant, Samon Latrice Smith, appeals the judgment of the Wood County Court of Common Pleas, sentencing her to three years of community control after accepting her guilty plea to one count each of improperly handling firearms in a motor vehicle, endangering children, and petty theft.  For the following reasons, we dismiss this appeal as moot.

## A. Facts and Procedural Background

{¶ 2} On June 3, 2021, a four-count indictment was filed, charging appellant with one count of improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(B) and (I), a felony of the fourth degree, two counts of endangering children in violation of R.C. 2919.22(A) and (E)(2)(a), misdemeanors of the first degree, and one count of petty theft in violation of R.C. 2913.02(A)(1) and (B)(2), a misdemeanor of the first degree. A one-year firearm specification under R.C. 2941.141(A) was also attached to the charge for improperly handling firearms in a motor vehicle. The charges stemmed from an incident that occurred on April 15, 2021, in which law enforcement officers stopped appellant's vehicle after loss prevention officers observed her shoplifting at a Wal-Mart store in Perrysburg Township. At the time of the stop, officers observed appellant's two-year-old daughter and seven-week-old son improperly secured in the back seat, as well as a loaded semi-automatic handgun in her glove box.

{¶ 3} On July 23, 2021, appellant appeared before the trial court for arraignment and pled not guilty to the aforementioned offenses. Thereafter, the matter proceeded through pretrial motion practice and plea negotiations. Eventually, the parties reached a plea agreement, under which appellant agreed to plead guilty to improperly handling firearms in a motor vehicle, one count of endangering children, and the petty theft charge, in exchange for the state's dismissal of the remaining endangering children charge and

2.

the firearm specification.  Additionally, the state agreed to recommend a community control sentence at sentencing.

{¶ 4} On May 10, 2022, a plea hearing was held, at which appellant withdrew her not guilty plea and pled guilty to improperly handling firearms in a motor vehicle, endangering children, and petty theft, as described above.  Following a Crim.R. 11 colloquy, the trial court asked the state to recite its factual basis for the charges.  The state responded:

> Had the matter proceeded to trial the state would have called the relevant witnesses and submitted documentary evidence to prove each and every element of the offenses beyond a reasonable doubt.  More specifically, the State would have called representatives from Wal-Mart loss prevention as well as officers from Perrysburg Township Police [who] collectively would have testified the officers received a call from Wal-Mart loss prevention indicating two females in the store were shoplifting.  While en route, loss prevention indicated the females had left the store and gave descriptions of one of the vehicles.
>
> Ultimately that vehicle was pulled over in which defendant Samon Smith was driving, also in the car was her two-year-old daughter, initials A.B., seven-week-old son, initials same A.B.  They were both in the back

3.

seat. The seven-week-old son was in a car seat but it was not in a car base nor was it secured with a seat belt.

Upon talking with Ms. Smith, she admitted to stealing a Roku stick from Wal-Mart. There were groceries in the vehicle that she had paid for. However, upon a search of the vehicle, they found many more items that had been stolen, as well as in the glove box a 9-millimeter Zingana PX-9, a semi-automatic handgun which had a live bullet in the chamber, also a magazine located in the passenger seat, also a box of 9-millimeter rounds in the defendant's purse. The value of the items stolen was $276.21, which Miss Smith admitted to taking.

{¶ 5} At the conclusion of the Crim.R. 11 colloquy and the recitation of the facts, the trial court accepted appellant's guilty plea. The court then ordered the preparation of presentence investigation report and the matter was continued for sentencing.

{¶ 6} Appellant's sentencing hearing was held on July 29, 2022. At the hearing, the trial court heard statements from the parties in mitigation, and ultimately sentenced appellant to three years of community control.

{¶ 7} Among other conditions of appellant's community control, the court ordered appellant, who was pregnant at the time, to "get regular checkups at an OB-GYN or at the Health Department for the baby that you expect to give birth to. You're going to have to get checkups every four weeks for the first 28 weeks, checkups every two weeks from

4.

weeks 28 to 36, and every week thereafter." Appellant's defense counsel objected to the foregoing community control condition, arguing that the condition was "an overreach of the Court."

{¶ 8} On September 1, 2022, appellant filed her timely notice of appeal. While the appeal was pending, on February 28, 2023, the state filed a motion to supplement the record with two exhibits under seal pursuant to App.R. 9, and to file those exhibits instanter. The first exhibit is a birth certificate evidencing the birth of appellant's daughter, Al.B., on October 25, 2022. The second exhibit is an order from a magistrate of the Lucas County Court of Common Pleas, Juvenile Division, reflecting that Al.B. was placed into shelter care and the interim temporary custody of Lucas County Children Services on October 28, 2022.

{¶ 9} Thereafter, on March 7, 2023, the state filed a suggestion of mootness under 6th Dist.Loc.App.R. 10(I). In its filing, the state argued that the issue of whether the community control condition requiring appellant to attend prenatal visits was proper has been rendered moot by Al.B.'s birth on October 25, 2022. Appellant did not respond to the state's motion to supplement the record or the state's suggestion of mootness. The matter is now decisional.

## B. Assignments of Error

{¶ 10} On appeal, appellant assigns the following error for our review:

5.

The trial court abused its discretion by ordering Appellant to obtain medical treatment during her pregnancy.

## II. Analysis

{¶ 11} In her sole assignment of error, appellant argues that the trial court erred in ordering her to obtain medical treatment during her pregnancy.

{¶ 12} Before we reach the merits of appellant's argument, we must first address the state's contention that this issue was rendered moot when appellant gave birth to Al.B. on October 25, 2022.

{¶ 13} "Evidence that a case is moot can come from outside of the record." *Darr v. Livingston*, 2017-Ohio-841, 85 N.E.3d 1260, ¶ 16 (10th Dist.), citing *State ex rel. Cincinnati Enquirer v. Dupuis*, 98 Ohio St.3d 126, 2002-Ohio-7041, 781 N.E.2d 163, ¶ 8. Therefore, we find it appropriate to supplement the record with the two exhibits attached to the state's unopposed February 28, 2023 motion to supplement the record. The state's motion is well-taken, and the same is hereby granted.

{¶ 14} "The role of courts is to decide adversarial legal cases and to issue judgments that can be carried into effect." *Cyran v. Cyran*, 152 Ohio St.3d 484, 2018-Ohio-24, 97 N.E.3d 487, ¶ 9, citing *Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371 (1970). Referencing the mootness doctrine, the court in *Cyran* stated that "American courts will not decide cases in which there is no longer an actual legal controversy between the parties. * * * Thus, when parties 'lack a legally cognizable interest in the

6.

outcome,' a case becomes moot." *Id.*, quoting *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969).

{¶ 15} The only issue raised by appellant in this appeal is whether the trial court's imposition of a community control condition requiring appellant to seek medical treatment during her pregnancy was proper. Appellant is no longer pregnant, and thus the challenged condition no longer applies. Consequently, there is no longer an actual legal controversy between the parties and, absent an exception to the mootness doctrine, this appeal must be dismissed.

{¶ 16} While appellant has done nothing to challenge the state's assertion that this appeal is moot given the birth of her daughter, the state preemptively raised the only arguably applicable exception to the mootness doctrine, namely that the issue raised by appellant here is capable of repetition yet evading review.[1] Since the state raised it, we will briefly examine this exception.

---

[1] Another exception to the mootness doctrine applies in the criminal context where the defendant, having been convicted and having completed the defendant's sentence, will suffer "some collateral disability or loss of civil rights from such judgment or conviction." *State v. Wilson*, 41 Ohio St.2d 236, 325 N.E.2d 236, syllabus (1975). However, this exception does not apply where the defendant "only challenges [her] sentence and not [her] convictions." *State v. Ambriez*, 6th Dist. Lucas No. L-04-1382, 2005-Ohio-5877, ¶ 10. This exception is not applicable here, since appellant will suffer no collateral disability or loss of civil rights stemming from the trial court's community control condition.

7.

{¶ 17} "An issue is capable of repetition yet evading review if the challenged action is too short in duration to be fully litigated prior to its cessation and there is a reasonable expectation that the parties will be subject to the same action again." *State ex rel. Casanova v. Lutz*, --- Ohio St.3d ----, 2023-Ohio-1225, --- N.E.3d ----, ¶ 3, citing *M.R. v. Niesen*, 167 Ohio St.3d 404, 2022-Ohio-1130, 193 N.E.3d 548, ¶ 11. "'It is not enough for an issue to be capable of repetition between some parties; the issue must be capable of repetition between the "same" parties.'" *Id.*, quoting *Niesen* at ¶ 12, quoting *United States v. Sanchez-Gomez*, --- U.S. ----, 138 S.Ct. 1532, 1540, 200 L.Ed.2d 792 (2018).

{¶ 18} This exception is plainly inapplicable in this case. Here, there is no reasonable expectation that appellant will be ordered to submit to pregnancy-related medical treatment again as part of this community control sanction. Indeed, the trial court's pregnancy-related condition explicitly applied only to "the baby that you expect to give birth to," namely Al.B. Thus, no such condition would apply to a future pregnancy during the remainder of appellant's community control.

{¶ 19} At most, appellant may contend that she will likely violate the law again at a time when she is pregnant. However, courts "have consistently refused to 'conclude that the case-or-controversy requirement is satisfied by' the possibility that a party 'will be prosecuted for violating valid criminal laws.'" *U.S. v. Sanchez-Gomez*, --- U.S. ----, 138 S.Ct. 1532, 1541, 200 L.Ed.2d 792 (2018), quoting *O'Shea v. Littleton*, 414 U.S. 488,

8.

497, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974). Further, we must assume that litigants like appellant "will conduct their activities within the law and so avoid prosecution and conviction as well as exposure to the challenged course of conduct." *Id.*

{¶ 20} In light of the foregoing, we find that it is not reasonable to expect that the issue of whether the trial court erred in ordering appellant to undergo pregnancy-related medical treatment as a condition of her community control will arise again between the same parties. As such, it is not capable of repetition yet evading review. Instead, this issue became moot at the moment appellant gave birth to her daughter. There is no longer a legal controversy between the parties.

### III.    Conclusion

{¶ 21} For the foregoing reasons, we find that appellant's appeal of the judgment of the Wood County Court of Common Pleas is moot. Therefore, we dismiss appellant's appeal, and order that appellant pay the costs of this appeal pursuant to App.R. 24.

Judgment moot.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

9.

Christine E. Mayle, J.   _____
             JUDGE

Gene A. Zmuda, J.

           _____
Charles E. Sulek, J.        JUDGE
CONCUR.

           _____
               JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.