# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

M.C.,                                               :

      Petitioner-Appellee,            :

      v.                              :                    No. 112681

LARRY GARDNER, JR.,                                 :

      Respondent-Appellant.           :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** September 28, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DV-21-387713

---

### *Appearances:*

Larry Gardner, Jr., *pro se.*

EILEEN T. GALLAGHER, J.:

{¶ 1} This cause came to be heard on the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Respondent-appellant, Larry Gardner ("Gardner"), appeals an order denying his motion for reconsideration of a previous order denying a motion to modify or terminate a civil protection order. Gardner claims the following errors:

1.  The trial court [erred] when it denied the pro se defendant's rights to utilize available electronic records in lieu of an unavailable transcript.

2. The trial court erroneously denied the pro se defendant the opportunity to perfect his filing within 30 days.

3. The trial court erred when it ruled that the court transcript had to be included at the time and objection to the magistrate's decision was filed.

{¶ 2} For the reasons that follow, we dismiss the appeal.

## I.  Facts and Procedural History

{¶ 3} In November 2021, petitioner-appellee, M.C.,[1] filed a petition in the Cuyahoga County Common Pleas Court, Domestic Relations Division, requesting a dating violence civil protection order ("CPO"), and the court issued an ex parte CPO that same day.  A magistrate held a hearing on the petition in May 2022, and issued a decision granting the CPO on June 3, 2022.  The magistrate's decision indicated that the terms of the order would remain in effect until May 23, 2023.

{¶ 4} Gardner filed timely objections to the magistrate's decision but, after reviewing the transcript from the hearing, the domestic relations court overruled the objections and adopted the magistrate's decision in its entirety, including the May 23, 2023 expiration date.  Approximately one month later, Gardner, pro se, filed a motion to modify or terminate the CPO.  The magistrate held a hearing on the motion and issued a decision denying the order on January 31, 2023. Gardner again

---

[1] In accordance with this court's policy and with 18 U.S.C. 2265(d)(3), initials are used herein to protect the privacy of the protected party.

filed timely objections to the magistrate's decision, and the domestic relations court again overruled Gardner's objections in a judgment entry journalized on April 17, 2023. Gardner filed a motion for reconsideration of the court's ruling, which was denied. Thereafter, on May 4, 2023, Gardner filed a timely notice of appeal.

## II. Law and Analysis

{¶ 5} Before we address Gardner's assignments of error, we sua sponte consider whether the appeal is moot given that the CPO expired on May 23, 2023, and no stay of the CPO was issued.

{¶ 6} "'American courts will not decide * * * cases in which there is no longer any actual controversy.'" *In re A.G.*, 139 Ohio St. 3d 572, 2014-Ohio-2597, 13 N.E.3d 1146, ¶ 37, quoting *Black's Law Dictionary* 1100 (9th Ed.2009). Thus, when an actual controversy ceases to exist, the court must dismiss the case as moot. *M.R. v. Niesen*, 167 Ohio St.3d 404, 2022-Ohio-1130, 193 N.E.3d 548, ¶ 7.

{¶ 7} An appeal from an expired CPO is moot unless the appellant can demonstrate legal collateral consequences arising from it. *Cyran v. Cyran*, 152 Ohio St.3d 484, 2018-Ohio-24, 97 N.E.3d 487, ¶ 1; *J.M. v. D.H.*, 8th Dist. Cuyahoga No. 108303, 2020-Ohio-108, ¶ 2. In *Cyran*, the appellant asserted there were legal collateral consequences arising from the CPO that provided an exception to the mootness doctrine even though the alleged consequences of the CPO were not ascertainable at the time of the appeal. The court rejected this argument, explaining that the fact that "a collateral consequence may occur calls for speculation." *Id.* at 488. In finding the CPO moot, the court explained that "there is no provision of

Ohio law that imposes a restriction as a result of an expired protection order" and that the appellant failed to "demonstrate or argue that he has suffered any consequences." *Id.*

{¶ 8} The same rationale applies here. Gardner has not demonstrated, much less argued, that he is suffering from any legal collateral consequences arising from the CPO such that the collateral consequences exception to the mootness doctrine would apply. As previously stated, the CPO expired on May 23, 2023. The notice of appeal was filed three weeks before the expiration date. Nevertheless, the fact that the appeal was pending at the time the CPO expired does not change our analysis. *See Cyran* at 485 (CPO expired while appeal was pending); *M.D. v. M.D.*, 8th Dist. Cuyahoga Nos. 106581 and 106758, 2018-Ohio-4218, ¶ 89. Since the CPO is expired, there is nothing to terminate or modify as Gardner requested in his motion to modify or terminate the CPO and motion for reconsideration. Furthermore, neither the collateral consequences exception nor any other exception to the mootness doctrine applies to this case. Therefore, the appeal is moot.

{¶ 9} Appeal dismissed.

It is ordered that petitioner-appellee recover from respondent-appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

MARY EILEEN KILBANE, P.J., and
SEAN C. GALLAGHER, J., CONCUR