[Cite as *Reading Hills, L.L.C. v. Bryant*, 2024-Ohio-312.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Reading Hills LLC,                        :

     Plaintiff-Appellee,              :
                              No. 23AP-107
v.                                        :       (M.C. No. 2023CVG-1359)

Mendy Bryant et al.,                      :       (REGULAR CALENDAR)

     Defendants-Appellants.           :

D E C I S I O N

Rendered on January 30, 2024

**On brief:** *Cassone Law Offices LLC*, *Michael J. Cassone*, and *Alex J. Castle*, for appellee. **Argued:** *Alex J. Castle*.

**On brief:** *The Legal Aid Society of Columbus*, *Kaci Philpot*, *Marshall Kuieck*, and *Thomas N. Pope*, for appellants. **Argued:** *Kaci Philpot*.

APPEAL from the Franklin County Municipal Court

LELAND, J.

{¶ 1}  Defendants-appellants, Mendy and Melissa Bryant, appeal from a judgment of the Franklin County Municipal Court that granted plaintiff-appellee, Reading Hills LLC, restitution of the premises the Bryants leased from Reading Hills.  For the following reasons, we dismiss this appeal as moot.

I. Facts and Procedural History

{¶ 2}  The Bryants leased a residence on Platinum Drive in Grove City, Ohio from Reading Hills.  The Bryants' lease required them to pay their rent by the 15th day of each month.  Reading Hills did not receive the rent due for the month of December 2022 by December 15, 2022.  Consequently, on December 20, 2022, Reading Hills served the Bryants a three-day "Notice to Leave the Premises and Notice of Termination of the

Tenancy" as required by R.C. 1923.04. The Bryants, however, did not comply with the notice and leave the residence by the deadline given in the notice—December 23, 2022.

{¶ 3} On January 11, 2023, Reading Hills filed a forcible entry and detainer action against the Bryants in the municipal court. At a trial before a magistrate, Reading Hills proved all the evidence necessary to prevail on their action. The Bryants elicited testimony that Reading Hills served on them a second three-day "Notice to Leave the Premises and Notice of Termination of Tenancy" on January 30, 2023. The second three-day notice required the Bryants to vacate the premises by February 3, 2023.

{¶ 4} During their closing argument, the Bryants argued that the service of a second three-day notice, with a different move-out date, waived the first three-day notice. The Bryants contended that Reading Hill's waiver of the first notice divested the trial court of subject-matter jurisdiction over the forcible entry and detainer action because it was based on the first notice. The magistrate rejected the Bryants' argument and issued a decision granting Reading Hills restitution of the premises. The trial court entered judgment adopting the magistrate's decision on February 8, 2023.

{¶ 5} The Bryants then moved for Civ.R. 60(B) relief and objected to the magistrate's decision. Before the trial court could rule on these motions, the Bryants appealed the February 8, 2023 judgment. The trial court stayed execution of the judgment of restitution pending resolution of the appeal.

## II. Assignment of Error

{¶ 6} On appeal, the Bryants assign the following error:

> The lower court erred when it held that a notice to vacate under Section 1923.04 of the Ohio Revised Code is not waived by a subsequent notice to vacate.

## III. Motion to Dismiss as Moot

{¶ 7} Reading Hills has moved to dismiss the Bryants' appeal, arguing it is moot because the Bryants vacated the leased premises after filing their notice of appeal. The Bryants concede they have moved out of the leased premises, but argue this court should not dismiss this appeal because two exceptions to the mootness doctrine apply to this case.

{¶ 8} After the Bryants filed their notice of appeal, Reading Hills notified them that it would not be renewing their lease, which expired on May 15, 2023. The non-renewal

notice informed the Bryants that if they did not leave the leased premises by May 15, 2023, then Reading Hills would deem them illegal occupants of the premises and would have the right to evict them. Subsequent to receiving the non-renewal notice, the Bryants moved out of the residence on Platinum Drive.

{¶ 9} A case is moot when the issues between the parties are no longer "live" or the parties lack a legally cognizable interest in the outcome. *State ex rel. Citizens for Community Values, Inc. v. DeWine*, 162 Ohio St.3d 277, 2020-Ohio-4547, ¶ 7; *accord State ex rel. Cincinnati Enquirer v. Hunter*, 141 Ohio St.3d 419, 2014-Ohio-5457, ¶ 4 (holding that moot cases involve no genuine, live controversies, the resolution of which can definitely affect existing legal relations). "When something happens that makes it impossible for a court to grant the requested relief, a case becomes moot." *Citizens for Community Values* at ¶ 7. " '[I]t is the duty of every judicial tribunal to decide actual controversies' and withhold advice upon moot questions." *State ex rel. Grendell v. Geauga Cty. Bd. of Commrs.*, 168 Ohio St.3d 154, 2022-Ohio-2833, ¶ 9, quoting *Fortner v. Thomas*, 22 Ohio St.2d 13, 14 (1970). Consequently, courts generally do not decide moot appeals. *M.R. v. Niesen*, 167 Ohio St.3d 404, 2022-Ohio-1130, ¶ 7 (stating "[i]f the controversy has come and gone," then a court must dismiss the case as moot).

{¶ 10} In this case, the Bryants appeal a judgment entered against them in a forcible entry and detainer action. Such an action provides an aggrieved landlord with an expedited method to recover possession of real property. *Olentangy Commons Owner L.L.C. v. Fawley*, 10th Dist. No. 22AP-293, 2023-Ohio-4039, ¶ 11; *T&R Properties, Inc. v. Wimberly*, 10th Dist. No. 19AP-567, 2020-Ohio-4279, ¶ 8; *Rithy Properties, Inc. v. Cheeseman*, 10th Dist. No. 15AP-641, 2016-Ohio-1602, ¶ 15. A judgment in an action for forcible entry and detainer only determines the right to immediate possession of the property. *Fawley* at ¶ 11; *Wimberly* at ¶ 8; *Cheeseman* at ¶ 15. " ' "If immediate possession is no longer at issue because the defendant vacates the premises and possession is restored to the plaintiff, then continuation of the forcible entry and detainer action or an appeal of such an action is unnecessary, as there is no further relief that may be granted." ' " *Fawley* at ¶ 11, quoting *Wimberly* at ¶ 8, quoting *Cheeseman* at ¶ 15. In other words, if a defendant in a forcible entry and detainer action vacates the leased premises, the action or an appeal

of the action becomes moot as a court can do nothing more given the controversy between the parties is over.

{¶ 11} Because the Bryants have vacated the residence at issue in this case, the controversy between the Bryants and Reading Hills is now moot. *See Fawley* at ¶ 12 (determining the controversy between the parties had terminated when the tenant had vacated the apartment that was the subject of the eviction action); *Wimberly* at ¶ 9 (same); *Cheeseman* at ¶ 16 (same). The Bryants, however, argue that two exceptions to the mootness doctrine apply to this appeal, thus precluding its dismissal.

{¶ 12} First, the Bryants argue this court should review their appeal because the issue they raise in it is capable of repetition yet will evade review. This exception to the mootness doctrine applies "only in exceptional circumstances" where: "(1) the challenged action is too short in its duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *State ex rel. Calvary v. Upper Arlington*, 89 Ohio St.3d 229, 231 (2000).

{¶ 13} In forcible entry and detainer appeals, an appellant often will be unable to satisfy the first element of the "capable of repetition, but evading review" exception to the mootness doctrine. *Cheeseman* at ¶ 23. R.C. 1923.14(A) provides an appellant with the ability to obtain a stay of an order granting restitution of the leased premises during an appeal. Specifically, R.C. 1923.14(A) states, "[i]f an appeal from the judgment of restitution is filed and if, following the filling of the appeal, a stay of execution is obtained and any required bond is filed with the court of common pleas, municipal court, or county court, the judge of that court immediately shall issue an order to the sheriff, police officer, constable, or bailiff commanding the delay of all further proceedings upon the execution." Thus, generally, a forcible entry and detainer action is not too short in duration to be fully litigated through appeal. *Cheeseman* at ¶ 23.

{¶ 14} However, in eviction actions premised on non-payment of rent, " 'the natural term of a tenant's lease may expire during the pendency of an appeal, requiring the tenant to vacate the premises and allowing the landlord to assert the appeal is moot.' " *Fawley* at ¶ 15, quoting *Wimberly* at ¶ 12. In that circumstance, we recognize that a stay granted prior to the expiration will only artificially preserve the status quo until the end of the appeal, and

the expiration of the lease has effectively terminated the action. *Id.* at ¶ 12. As we set forth above, that circumstance arose in this case.

{¶ 15} Reading Hills filed its forcible entry and detainer action on January 11, 2023. The Bryants' lease expired on May 15, 2023—four months later. Reading Hills argues this four-month period was sufficient for the Bryants to have fully litigated this appeal through judgment if they had requested the assignment of their appeal to this court's accelerated docket. We disagree. Although the accelerated docket mandates an abbreviated briefing schedule, according to our calculations, the time saved by a shortened briefing schedule would not have allowed for full litigation of this appeal. Once a case is assigned to the accelerated docket, the appellant's brief is due 15 days after the clerk of courts has mailed notice to the parties that the clerk has filed the record with the court of appeals. App.R. 11.1(C). Here, the clerk mailed the necessary notice on May 1, 2023, which would have made the appellant's brief due on the accelerated docket on May 16, 2023—the day after the Bryants' lease expired. Consequently, even if the Bryants had requested this appeal be placed on the accelerated docket, the appeal would not have yet reached the briefing stage when the Bryants' lease expired. The Bryants, therefore, have established that the forcible entry and detainer action was too short in duration for them to have fully litigated it through appeal before the lease term ended.

{¶ 16} Regarding the second element of the "capable of repetition, yet evading review" exception, an appellant must establish more than a theoretical possibility that the same action will arise again. *Grandview Heights v. B.S.H.*, 10th Dist. No. 22AP-207, 2023-Ohio-940, ¶ 14; *Croce v. Ohio State Univ.*, 10th Dist. No. 20AP-14, 2021-Ohio-2242, ¶ 23. There must be a reasonable expectation or demonstrated probability that the same controversy will recur involving the same complaining party. *B.S.H.* at ¶ 14; *Croce* at ¶ 23.

{¶ 17} The Bryants initially argue they will be subject to the same action again because Reading Hills provided them with a third notice, which indicated that their tenancy did not expire until May 15, 2023. This evidence establishes that the Bryants could expect to receive multiple notices with different tenancy expiration dates from Reading Hills. But the Bryants concede they have moved out of the residence they rented from Reading Hills and into a new residence. The Bryants would have us assume that their new landlord will serve them with multiple notices to leave their new residence, and that the notices will each

list different tenancy expiration dates.  We cannot do that.  Thus, the Bryants have not demonstrated the circumstances underlying the current controversy will develop again at their new residence.

{¶ 18} The Bryants next argue that as a same-sex, low-income, dual-female-income family, they are more likely to face another forcible entry and detainer action than non-LGBTQ peers.  Even if we accept this statement as true, it does not establish the Bryants will find themselves in the same situation again with their new landlord.  For that to happen, the Bryants would have to show that they will receive multiple notices to leave their newly leased premises, each with a different tenancy expiration date.  Again, they have not made that showing.

{¶ 19} Finally, the Bryants argue they can establish the second element of the "capable of repetition, yet evading review" exception by showing similarly situated people are likely to be subject to the same action.  However, this is inconsistent with the test articulated by the Supreme Court of Ohio, which requires that an appellant prove "there is a reasonable expectation that *the same complaining party* will be subject to the same action again." (Emphasis added.)  *Calvary*, 89 Ohio St.3d at 231.  Moreover, the Supreme Court has recently emphasized this requirement, stating "[i]t is not enough for an issue to be capable of repetition between *some* parties; the issue must be capable of repetition between the 'same' parties." (Emphasis sic.)  *M.R.*, 2022-Ohio-1130, at ¶ 7; *accord Grandview Heights* at ¶ 16 (rejecting an appellant's request to not enforce the second element of the "capable of repetition, yet evading review" test).  We, therefore, conclude that demonstrating that the controversy at issue would arise between similarly situated people would not satisfy the second element of the "capable of repetition, yet evading review" test.

{¶ 20} In sum, we reject each of the Bryants' arguments that there is a reasonable expectation that they will be subject to the same action again.  Consequently, we decline to invoke the exception to the mootness doctrine for appeals that are capable of repetition yet evade review.

{¶ 21} Next, the Bryants argue the collateral-consequences exception to the mootness doctrine applies.  The Supreme Court has recognized an exception to the mootness doctrine if the appealed judgment causes the appellant to suffer a collateral

disability. *Cyran v. Cyran*, 152 Ohio St.3d 484, 2018-Ohio-24, ¶ 8. For example, an appeal of a conviction for a traffic offense falls within this exception to the mootness doctrine because, even after the defendant has paid the fines and costs, the statutory imposition of points on the defendant's driver's license constitutes a collateral disability. *In re S.J.K.*, 114 Ohio St.3d 23, 2007-Ohio-2621, ¶ 14, 18. However, "the collateral-consequences exception to mootness applies [only] in cases in which the collateral consequence is imposed as a matter of law." *Cyran* at ¶ 9.

{¶ 22} The Bryants identify only one collateral consequence the law imposes because of an eviction: the termination of Section 8 voucher assistance for an eviction from federally assisted housing. *See Richmond's Ent., Inc. v. Anderson*, 2d Dist. No. 26674, 2016-Ohio-609, ¶ 12, citing 24 C.F.R. 982.552. The Bryants do not claim they will suffer this collateral consequence as a result of their eviction. Instead, they contend the eviction caused them difficulty in leasing another residence. The Bryants also assert that, due to the eviction, they could not obtain housing in the school district where their child was receiving special education services. These consequences, however, are practical, not legal, consequences of the judgment the Bryants appeal. Therefore, the consequences the Bryants claim they have suffered because of the eviction judgment are insufficient to invoke the collateral-consequences exception to the mootness doctrine.

## IV. Conclusion

{¶ 23} Neither of the exceptions the Bryants advance remove this appeal from the ambit of the mootness doctrine. Because this appeal is moot, we grant Reading Hill's motion to dismiss and dismiss this appeal.

*Motion to dismiss granted;*
*appeal dismissed.*

LUPER SCHUSTER and BOGGS, JJ., concur.

———————————