[Cite as *State v. Schooner*, 2026-Ohio-1169.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                           Court of Appeals No.  WD-25-044

    Appellee                                            Trial Court No.  24 CR 385

v.

Damien Schooner                                   **DECISION AND JUDGMENT**

    Appellant                                           Decided: March 31, 2026

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
Kristofer A. Kristofferson, Assistant Prosecuting Attorney, for appellee.

Samuel E. Gold, for appellant.

* * * * *

**OSOWIK, PJ.**

*Procedural History*

{¶ 1} On October 3, 2024, appellant, Damien Schooner, was indicted by the Wood County Grand Jury on one count of Receiving Stolen Property, a Felony of the Fourth Degree, in violation of R.C. 2913.51(A)(C). Appellant entered a guilty plea

to one count of Attempted Receiving Stolen Property, a felony of the fifth degree, in violation of R.C. 2923.02(A) and RC. 2913.51(A)(C).

{¶ 2} On April 10, 2025, appellant was present for sentencing. Appellant and his trial counsel provided mitigation and asked for community control, after which appellant was sentenced to a total of 12 months in the Ohio Department of Rehabilitation and Corrections ("ODRC").

*Assignment of Error*

{¶ 3} Schooner presents a single assignment of error for our review.

THE TRIAL COURT ERRED IN OVERCOMING THE PRESUMPTION OF COMMUNUITY CONTROL AND IMPOSING A TERM OF INCARCERATION

{¶ 4} Appellant argues that the "trial court must conjoin the overriding purposes of R.C. 2929.11 with consideration of numerous factors pursuant to R.C. 2929.12, , to construct the least restrictive sentence necessary." To this end, appellant contends that the trial court did not properly consider his need for substance abuse treatment, and other less restrictive forms of punishment.

*Suggestion of Mootness*

{¶ 5} On February 19, 2026, the state filed a Suggestion of Mootness pursuant to 6th Dist.Loc.App.R. 16.1(D), arguing that the issues raised in Schooner's assignment of error is rendered moot because he completed his prison entire sentence on February 10, 2026.

2.

{¶ 6} Evidence that a case is moot can come from outside of the record. *State v. Smith*, 2023-Ohio-1779, ¶ 13 (6th Dist.), citing *Darr v. Livingston*, 2017-Ohio-841, ¶ 16 (10th Dist.); and *State ex rel. Cincinnati Enquirer v. Dupuis*, 2002-Ohio-7041, ¶ 8. In this case, the State has attached an exhibit to its pleading that is ostensibly from the website of the Ohio Department of Rehabilitation and Corrections. It represents that the appellant herein, Damien Schooner, was released from incarceration on February 10, 2026- expiration of stated term. As a result of Schooner's release from incarceration, the State argues that his appeal is moot.

{¶ 7} Schooner did not file a reply brief nor did he file a response to the state's suggestion of mootness.

### Law and Analysis

{¶ 8} Because Schooner's appeal does not challenge his underlying conviction, he suffers no collateral disability or loss of rights that can be addressed by an appellate court once the sentence has been served. *State v. Russell*, 2023-Ohio-3547, ¶ 10, (6th Dist.), citing *State v. Ambriez*, 2005-Ohio-5877 (6th Dist.). Therefore, the merits of Schooner's assignment of error cannot be addressed because the completion of his prison sanction renders his appeal moot. *Id*. at ¶ 6-9.

### Conclusion

{¶ 9} For the foregoing reasons, Schooner's appeal of the judgments of the Wood County Court of Common Pleas is dismissed. Appellant is ordered to pay the costs of this

3.

appeal pursuant to App.R. 24.  The trial court judgment is moot and this appeal is dismissed.

Appeal dismissed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, PJ.

JUDGE


Christine E. Mayle, J.

JUDGE


Charles E. Sulek, J.
CONCUR.

JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.